Pascoe substitution

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for UNITED STATES OF AMERICA

FILED
DISTRICT COURT OF GUAM
JUN 15 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON,<br><br>        Plaintiffs,<br>vs.<br>GARRY M. PASCOE, AMERICAN HOME ASSURANCE COMPANY, and DOE DEFENDANTS 1-10,<br><br>        Defendants. | CIVIL NO. 06-00016<br><br>MOTION TO SUBSTITUTE THE UNITED STATES |

       The United States hereby moves for its substitution in place of the named party, GARRY M. PASCOE, an active duty military member performing duties as Acting Fire Chief with Andersen Air Force Base, and thus an employee of the United States (see Exhibit A).

       Plaintiff in the above entitled case has improperly named a federal employee on active duty as a defendant in an Federal Tort Claims Act (FTCA). See Plaintiff's Complaint.

       The United States is solely responsible for injuries caused by a federal employee acting in the scope of his employment. This is fundamental to the FTCA. 28 U.S.C. § 1346(b), 2671 to 2680.

       The FTCA was amended in 1988 to provide that the remedy against the United States under the FTCA "for the injury or loss of property, or personal injury resulting from the

negligence of a Government employee" is exclusive of any other civil action. 28 U.S.C. § 2679(b)(1). This provision was intended to substitute the United States as the only permissible defendant in such cases. The purpose of this amendment, commonly referred to as the **Westfall Act**, was to protect government employees from the distraction and burden of litigation based on their employment activities. *Mitchell v. Carlson*, 896 F2d 128 (5th Cir. Tex. 1990).

Several federal statutes specifically state that the remedy provided by the FTCA is the exclusive remedy for damages for personal injury caused by the alleged wrongful acts of the government's employee. This immunity from personal liability even extends to torts exempt from the FTCA under 28 .U.S.C. § 2680(h), as long as the cause of action arises out of a negligent act occurring in the performance of employment functions. 38 U.S.C. § 4116(e).

Therefore the United States respectfully moves for its substitution in place of the improperly named party. If granted, the proper title for this case is *Shaunannette D. Watson and George L. Watson v. United States of America, American Home Assurance Company, and DOE Defendants 1-10.*

SO MOVED this 15th day of June, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

- 2 -

Case 1:06-cv-00016   Document 4   Filed 06/15/2006   Page 2 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

SHAUNANNETTE D. WATSON and )
GEORGE L. WATSON )
)
)
Plaintiffs, )
)
v. ) Affidavit
)
GARRY M. PASCOE, AMERICAN )
HOME ASSURANCE COMPANY, )
and DOE DEFENDANTS 1-10, )
)
Defendants )

GARRY M. PASCOE was an active duty military member of the United States Air Force at all times relevant to this case. It is the position of the United States Air Force that Mr. Pascoe was acting within the scope of his employment and was performing mission related activates on 13 March 2000, at approximately 1220, when he was driving his privately owned vehicle on Andersen Air Force Base and struck the privately owned vehicle driven by SHAUNANNETTE D. WATSON.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 14th day of June, 2006, at Andersen Air Force, Base, Guam.

TRAVIS A. HUBBLE, Capt, USAF
Assistant Staff Judge Advocate
36 WG/JA
Andersen AFB, Guam

EXHIBIT A