Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

**CV 0818-02**

| | |
|---|---|
| SHAUNANNETTE D. WATSON and )<br>GEORGE L. WATSON, )<br>     )<br>          Plaintiffs, )<br>     )<br>     vs. )<br>     )<br>GARRY M. PASCOE, AMERICAN )<br>HOME ASSURANCE COMPANY, )<br>and DOE DEFENDANTS 1 – 10, )<br>     )<br>          Defendants. )<br>_____ ) | CIVIL CASE NO. _____<br><br>COMPLAINT; DEMAND FOR<br>JURY TRIAL OF SIX |

## COMPLAINT

Plaintiffs Shaunannette D. Watson (Ms. Watson) and George L. Watson (Mr. Watson), by and through their attorney, Wayson W. S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional Corporation, as claims for relief against defendants, allege as follows.

### FIRST COUNT

1.     At all times relevant, Ms. Watson has been an adult resident of Guam.

2.     At all times relevant, Mr. Watson has been an adult resident of Guam.

3.     At all times relevant, Ms. Watson and Mr. Watson have been married.

**ORIGINAL**

4.     At all times relevant, defendant Garry M. Pascoe (Mr. Pascoe) has been an adult resident of Guam.

5.     At all times relevant, defendant American Home Assurance Company (American Home) has been an insurance company authorized to do business in Guam.

6.     Doe Defendants 1 – 10 are sued herein under fictitious names for the reason that, despite diligent and good faith efforts to obtain information, their true names and identities are presently unknown to plaintiffs, except that they have been connected in some manner with the named defendant(s) and/or have been employees, employers, agents, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors of the named defendant(s); and/or have been in some manner presently unknown to plaintiffs, engaging in the activities alleged herein; and /or have been in some manner responsible for the injuries or damages to plaintiffs; and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to plaintiffs and their attorneys. Plaintiffs ask leave of this Court to identify the Doe Defendants 1 – 10, if and when their identities are ascertained.

7.     This Court has jurisdiction of this action pursuant to 48 U.S.C. §1424, as amended, and 7 G.C.A. §3105 and jurisdiction over the defendants.

8.     On March 13, 2000, Mr. Pascoe , approaching the car driven by Ms. Watson from her rear, crashed his car into the driver's side of Ms. Watson's car as she was attempting to make a left turn.

9.     That collision was caused by the negligence of Mr. Pascoe.

2

10. As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has suffered injuries to her body, for which she has incurred medical and other health care expenses and will continue to incur such expenses.

11. As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has lost income and may continue to lose income.

12. As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has had pain and suffering, the loss of enjoyment of life, and mental and emotional distress and probably will continue to incur the same.

13. Mr. Pascoe is liable to Ms. Watson for her injuries and damages.

## SECOND COUNT

14. Plaintiffs reallege paragraphs 1 – 13 of this Complaint.

15. As a legal cause of the collision and the negligence of Mr. Pascoe, Mr. Watson has lost consortium with respect to Ms. Watson and continues to suffer such loss.

16. Mr. Pascoe is liable to Mr. Watson for his damages.

## THIRD COUNT

17. Plaintiffs reallege paragraphs 1 – 13 and 15 - 16 of this Complaint.

18. American Home issued a policy of liability insurance under which Mr. Pascoe was an insured.

19. That policy was in full force on March 13, 2000.

20. That policy provided coverage for liability by Mr. Pascoe for bodily injuries and/or damages to Mr. and Ms. Watson.

21. Pursuant to 22 G.C.A. §18305, plaintiffs are entitled to maintain this direct action against American Home and to recover from it for their injuries and damages, up to the applicable policy limits.

WHEREFORE, plaintiffs pray as follows:

a. That judgment be entered in their favor against defendants, jointly and severally, for plaintiffs' special and general damages;

3

b.  That they be awarded appropriate interest;

c.  That they be awarded their attorney's fees and costs; and

d.  That the Court grant such other and further relief as it deems appropriate.

Dated:  Hagatna, Guam, March 12, 2002.


_Wayson W. S. Wong_
Wayson W. S. Wong
Attorney for Plaintiffs

. do hereby certify that the foregoing
.s a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatña, Guam

JUL. 1 0 2006

_Teresita S. Perez_

4

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and ) <br> GEORGE L. WATSON, ) <br> ) <br>          Plaintiffs, ) <br> ) <br>     vs. ) <br> ) <br> GARRY M. PASCOE, AMERICAN ) <br> HOME ASSURANCE COMPANY, ) <br> and DOE DEFENDANTS 1 – 10, ) <br> ) <br>          Defendants. ) <br> _____ ) | CIVIL CASE NO. _____ <br><br> DEMAND FOR JURY TRIAL <br> OF SIX |

## DEMAND FOR JURY TRIAL OF SIX

Plaintiffs, by and through their attorney, Wayson W. S. Wong, of the Law Offices of Wayson Wong, A Professional Corporation, demand a jury trial of six on all issues so triable herein.

Dated:  Hagatna, Guam, March 12, 2002.

_____
Wayson W. S. Wong
Attorney for Plaintiffs

do hereby certify that the foregoing
s a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

## CIVIL DIVISION – DOCKET STATEMENT

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Shaunannette D. Watson<br>George L. Watson<br><br>**SS#**  Shaun:    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<br>        George:  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 | Garry M. Pascoe<br><br>American Home Assurance Company<br>  c/o Guam Insurance Adusters (GIA)<br><br>**SS#**  Pascoe:     unknown<br>       American Home<br>        c/o GIA:    n/a |
| **RESIDENTIAL (Home) ADDRESS:**<br><br>c/o Wayson W. S. Wong, Esq.<br>see mailing address | **RESIDENTIAL (Home) ADDRESS:**<br><br>Pascoe:        unknown<br>American Home  116 Chalan Santo Papa<br>  c/o GIA:     Hagatna, Guam  96910 |
| **MAILING ADDRESS:**<br><br>c/o Wayson W. S. Wong, Esq.<br>142 Seaton Blvd.<br>Hagatna, Guam  96910 | **MAILING ADDRESS:**<br><br>Pascoe:        unknown<br>American Home  P.O. Box 822<br>  c/o GIA:     Hagatna, Guam  96910-0822 |
| **CONTACT (Telephone) NUMBERS:**<br><br>c/o Wayson W. S. Wong, Esq.<br><br>**(Home):**  688-4442<br><br>**(Work):**  475-7448 | **CONTACT (Telephone) NUMBERS:**<br><br>**(Home):**  Pascoe:     unknown<br>          American<br>          Home<br>          c/o GIA:   n/a<br>**(Work):**  Pascoe:     unknown<br>          American<br>          Home<br>          c/o GIA:   472-6288 |
| **ATTORNEY(S): (Firm Name, Address, Phone No.)**<br><br>Wayson W. S. Wong, Esq.<br>Law Offices of Wayson Wong<br>A Professional Corporation<br>142 Seaton Blvd., Suite 203<br>Hagatna, Guam  96910<br>Ph:  475-7448 | **ATTORNEY(S): (Firm Name, Address, Phone No.)**<br><br><br>Unknown |

**CAUSE OF ACTION:**

Tort:  Bodily Injury

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

CASE NO: CV0318-02
   TYPE: CIVIL
CAPTION: SHAUNANNETTE WATSON ET AL VS. GARRY PASCOE ET AL
TOTAL AMOUNT:        120.00

| Reference Number | Reference Date | Description | Rev_acct | Amt_Owed |
|---|---|---|---|---|
| 020002627 | 3/12/2002 | JBF/CV CIVIL FILING FEES | 33052101 | 60.00 |
| 020002627 | 3/12/2002 | JBF/CV CIVIL SUMMONS | 33052103 | 10.00 |
| 020002627 | 3/12/2002 | JBF/CV CIVIL JURY DEMAND | 33052110 | 50.00 |





do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| SHAUNANNETTE D. WATSON and )<br>GEORGE L. WATSON, )<br> )<br>Plaintiffs, )<br> )<br> )<br>vs. )<br> )<br>GARRY M. PASCOE, AMERICAN )<br>HOME ASSURANCE COMPANY, )<br>and DOE DEFENDANTS 1 – 10, )<br> )<br>Defendants. )<br>_____ ) | CIVIL CASE N**CV 0318-02**<br><br>SUMMONS |

## SUMMONS

TO:      THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Wayson W.
S. Wong, Esq., plaintiffs' attorney, whose address is 142 Seaton Blvd., Suite 203,
Hagatna, Guam 96910, an answer to the Complaint which is herewith served
upon you, within twenty (20) days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the Complaint.

ORIGINAL

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

Dated: Hagatna, Guam, **MAR 1 2 2002**          .

CLERK OF COURT,
SUPERIOR COURT OF GUAM

_____
DEPUTY CLERK

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| Shaunannette D. Watson and George L. Watson  } | Civil Case NO.CV0318-02 |
| Plaintiff(s),  } | |
| } | |
| vs.  } | N O T I C E |
| } | |
| Garry M. Pasco, et al.,  } | |
| } | |
| Defendant(s)  } | |

To:    Wayson W.S. Wong - Attorney for Plaintiffs

As directed by the Judge, pursuant to 7 GCA Guam Code Annotated, Section 4103, (as amended by Public Law 24-139), the above entitled case is assigned to: **THE HONORABLE MICHAEL J. BORDALLO.**

Date:    03/21/02

*for*

Richard B. Martinez
Acting Clerk of Court
Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagatna, Guam.

JUL 1 0 2006

Teresita S. Perez

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and ) <br> GEORGE L. WATSON, ) <br> ) <br>               Plaintiffs, ) <br> ) <br>    vs. ) <br> ) <br> GARRY M. PASCOE, AMERICAN ) <br> HOME ASSURANCE COMPANY, ) <br> and DOE DEFENDANTS 1 – 10, ) <br> ) <br>               Defendants. ) <br> _____ ) | CIVIL CASE NO. CV 0318-02 <br><br> DECLARATION OF SERVICE; <br> ACKNOWLEDGMENT OF SERVICE |

## DECLARATION OF SERVICE

       I certify that I served the document(s) listed below by delivering a copy of the document(s) to the person described below at the time, date and place set forth.

DOCUMENTS SERVED: Complaint and Summons for Shaunannette D. Watson and George L. Watson vs. Garry M. Pascoe, American Home Assurance Company and DOE Defendants 1-10.

| NAME OF PERSON SERVED | TIME | DATE | PLACE |
|---|---|---|---|
| American Home Assurance Co. <br> c/o Mr. Raymond A. Martinez <br> Calvo's Insurance | 3:30 p.m. | 10/28/02 | 115 Chalan <br> Santo Papa <br> Hagatna, Guam |

## ORIGINAL





I declare under penalty of perjury that the forgoing is true and correct.

Dated: Hagatna, Guam, ___10/28/02_____

___Nova Gimenez__ _____

## ACKNOWLEDGMENT OF SERVICE

I have received the document(s) listed above.

Dated: _____

Print Name and Sign

RECEIVED

OCT 28 2002

Calvo's Insurance
Underwriters, Inc.

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

2

Terence E. Timblin
**VERNIER & MAHER, LLP**
**115 Hesler Place, Ground Floor**
**Governor Joseph Flores Building**
**Hagåtña, Guam 96910**
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants GARRY M. PASCOE
and AMERICAN HOME ASSURANCE COMPANY



## SUPERIOR COURT OF GUAM

SHAUNANNETTE D. WATSON and
GEORGE L. WATSON,

          **Plaintiffs,**

          **vs.**

**GARRY M. PASCOE, AMERICAN
HOME ASSURANCE COMPANY,
and DOE DEFENDANTS 1-10,**

          **Defendants.**
_____/

CIVIL CASE NO. CV0318-02

**DECLARATION OF GARRY M.
PASCOE IN SUPPORT OF
DEFENDANTS' MOTION FOR
SUMMARY JUJDGMENT**

I, **GARRY M. PASCOE**, hereby declare as follows:

1.     I make this Declaration in support of Defendants' Motion for Summary

Judgment.

2.     I make this Declaration from my personal knowledge and, if called as a

witness, would be competent to testify to the matters herein contained.

3.     I am currently a civilian fire fighter employed by the United States Air

Force at Andersen Air Force Base.

4.     I was an active duty member of the United States Air Force from March

of 1977 until my retirement in December of 2000 and was assigned to

1

Andersen Air Force Base as a fire fighter from November of 1998 until December of 2000.

5. I was the Acting Fire Chief for Andersen Air Force Base from February of 2000 until May of 2000, and it was a requirement of this position that I was on call for emergencies 24 hours a day.

6. On March 13, 2000 at approximately 12:20 p.m., I was notified of a report of an incoming helicopter that was on fire. <u>See</u>, Excerpt of Andersen Fire Department Daily Activity Log, a copy of which is attached hereto marked Exhibit "A" and incorporated herein by this reference.

7. While driving in my personally owned vehicle to the scene of the reported fire, I collided with a vehicle being operated by Plaintiff SHAUNANNETTE D. WATSON.

8. At the time of the accident, I was acting in the course of my employment with the United States Air Force.

9. I have not been personally served with the Complaint in the above matter. Should I be served, I intend to seek immunity from the Federal government pursuant to the Federal Tort Claims Act.

I declare under penalty of perjury under the laws of Guam (6 GCA §4308) that the foregoing is true and correct.

Executed this 6th day of April, 2004, in Hagatna, Guam.

_GARRY M. PASCOE_

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

2

| OUT | IN | REMARKS |
|---|---|---|

Remarks: SSgt Weaver in service station 2
0948 0948 Routine Entry Vehicle: R-12 (P-20)
Remarks: Available station 2
0950 1020 Routine Entry Vehicle: E-8 (P-22)
Remarks: In service Transportation Squadron
1008 1043 Routine Entry Vehicle: R-5 (P-10)
Remarks: In service Military Personnel Flight
1017 1045 Routine Entry Vehicle: CH-1
Remarks: SMSgt Pascoe in service base area
**1034 1037** * HOT PIT STANDBY Vehicle: C-4 (P-19)
**Remarks: IN SERVICE STANDBY-DODFIR INCIDENT NUMBER 00-363**
1035 1035 Vehicle Refueling Vehicle: R-5 (P-10)
Remarks: R-5 (P-10), 90L986, refueled: 20000313 @ 1035.
Miles/Hours/KM: 32390, received: 8 Gallons/Liters.
1039 1146 Routine Entry Vehicle: POV Private Vehicle
Remarks: SSgt Sisco in service base area
**1123 1123** * SYSTEM MALF. Vehicles: CH-2, R-5 (P-10), E-7 (P-22), E-8 (P-22)
**Remarks: VIA MONACO, RECEIVED A FIRE ALARM ACTIVATION FROM BUILDING 20011. ADDRESS IS ARC LIGHT BOULEVARD AND THE CROSS STREET IS SPATZ AVENUE. WINDS ARE CURRENTLY 050 AT 13.**
**1124 - CHIEF-2 AND RESCUE-5 RESPONDING**
**1125 - ENGINE-8 RESPONDING**
**1125 - CHIEF-2 ON SCENE AND REPORTS NOTHING SHOWING AT THIS TIME**
**1126 - ENGINE-7 ON SCENE**
**1126 - ENGINE-8 STAGING AT REAR OF BUILDING**
**1127 - CHIEF-2 REPORTS ALL UNITS ON SCENE AND INVESTIGATING**
**1127 - ENGINE-7 ALPHA REPORTS NO BELLS SOUNDING AT THIS TIME**
**1127 - RESCUE-5 ALPHA REPORTS BELLS SOUNDING IN THE BUILDING**
**1130 - CHIEF-2 REPORTS THAT THEY ARE UNABLE TO FIND THE CAUSE OF THE ACTIVATION; TERMINATING THE EMERGENCY**
**1134 - CHIEF-2 IN QUARTERS**
**1134 - ENGINE-8 IN QUARTERS**
**1135 - ENGINE-7 IN QUARTERS**

**DODFIR INCIDENT NUMBER 00-364**
1142 1219 Routine Entry Vehicle: E-8 (P-22)
Remarks: In service Magellan Inn
1143 1210 Routine Entry Vehicle: M-21
Remarks: SrA Patterson in service base area
1145 1352 Routine Entry Vehicle: POV Private Vehicle
Remarks: SMSgt Pascoe on portable
1146 1343 Routine Entry Vehicle: POV Private Vehicle
Remarks: SSgt Sisco on portable
1149 1159 * HOT PIT STANDBY Vehicle: C-4 (P-19)

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez

Exhibit

Case 1:06-cv-00016    Document 7-3    Filed 07/13/2006    Page 15 of 27

OUT   IN    REMARKS

---

**Remarks: IN SERVICE STANDBY-DODFIR INCIDENT NUMBER 00-365**

1219  1219  * **IN FLIGHT EMER. Vehicles:** CH-2, C-4 (P-19), R-5 (P-10), C-10 (P-23), C-11 (P-23)

**Remarks:** VIA PRIMARY CRASH PHONE IN FLIGHT EMERCENCY ON A CH-46; CALL SIGN KNIGHTRIDER 00. NATURE OF EMERGENCY IS FIRE IN REAR OF THE AIRCRAFT; 5 SOULS ON BOARD AND 5000 LBS. OF FUEL REMAINING

1220 - CHIEF-2 RESPONDING

1221 - CRASH-4 RESPONDING

1221 - CHIEF-2 REPORTS AIRCRAFT IS ON THE GROUND WITH NO SMOKE OR FIRE SHOWING AT THIS TIME

1222 - CHIEF-2 REPORTS THAT AIRCRAFT PERSONNEL ARE EGRESSING AT THIS TIME; STILL NOTHING SHOWING

1224 - CHIEF-2 IS ASSUMING COMMAND

1225 - CHIEF-2 REPORTS AIRCRAFT HAS BEEN SHUTDOWN; INVESTIGATING

1226 - RESCUE-5 ALPHA VENTILATION IS IN PROGRESS

1229 - CHIEF-2 REPORTS THE CAUSE OF THE SMOKE WAS DUE TO A HYDRAULIC/OIL LEAK ON TO A GENERATOR

1229 - CHIEF-2 AND THE AIRCRAFT COMMANDER TERMINATING THE EMERGENCY

1238 - CHIEF-2 IN QUARTERS

1239 - RESCUE-5 IN QUARTERS

1241 - CRASH-11 IN QUARTERS

1243 - CRASH-4 AVAILABLE STATION 1

1245 - CRASH-10 IN QUARTERS

**DODFIR INCIDENT NUMBER 00-366**

1248  1248  * **MEDICAL / EMS Vehicles:** CH-2, R-5 (P-10)

**Remarks:** VIA OFF BASE 911, FRANK BRUAN REPORTS A CHILD THAT HAD FALLEN FROM A COUNTER AT THE CAR CARE CENTER; BUILDING 26051. ADDRESS IS CAROLINES AVENUE.

1249 - RESCUE-5 AND CHIEF-2 RESPONDING

1251 - CHIEF-2 AND RESCUE-5 ON SCENE

1253 - CHIEF-2 REPORTS THAT THE CHILD INVOLVED IN THE ACCIDENT IS APPROXIMATELY 2 YEARS OF AGE; RESCUE-5 WILL STAY ON SCENE FOR MEDICAL ASSISTANCE

1253 - CHIEF-2 RETURNING TO STATION 1

1256 - CHIEF-2 IN QUARTERS

1256 - RESCUE-5 ALPHA REPORTS THAT THE CHILD HAS NO INTERNAL INJURIES AND THAT CARE HAS BEEN TRANSFERRED BACK TO THE MOTHER OF THE CHILD

1301 - FIRE DEPARTMENT IS RELEASED AND AVAILABLE

1305 - RESCUE-5 IN QUARTERS

**DODFIR INCIDENT NUMBER 00-367**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

JUL 1 0 2006

_Teresita S. Perez_
Clerk, Superior Court of Guam

Terence E. Timblin
**VERNIER & MAHER, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants GARRY M. PASCOE and
AMERICAN HOME ASSURANCE COMPANY

## SUPERIOR COURT OF GUAM

SHAUNANNETTE D. WATSON and          CIVIL CASE NO. CV0318-02
GEORGE L. WATSON,

              Plaintiffs,

        vs.                              **NOTICE OF MOTION AND MOTION
                                          FOR SUMMARY JUDGMENT**

GARRY M. PASCOE, AMERICAN
HOME ASSURANCE COMPANY,
and DOE DEFENDANTS 1-10,

              Defendants.
_____/

TO:   **PLAINTIFFS AND THEIR ATTORNEY OF RECORD, WAYSON W.S. WONG,
      ESQ.**

### NOTICE OF MOTION

PLEASE TAKE NOTICE THAT the undersigned will bring the above entitled

motion on for hearing, at the within entitled court, Judiciary Building, 120 W. O' Brien

Drive, Hagåtña, Guam, on _Aug. 3, 2014_ at _1:30_ _p_.m., or as soon

thereafter as the matter may be heard.

### MOTION

Defendants, GARRY M. PASCOE ("PASCOE") and AMERICAN HOME

ASSURANCE COMPANY ("AMERICAN HOME"), through counsel, VERNIER &

1

MAHER, LLP, by Terence E. Timblin, Esq., hereby move the Court for its Order granting summary judgment in their favor on the grounds that Defendant PASCOE, and, therefore his insurer AMERICAN HOME, are immune from liability pursuant to 28 U.S.C. §2679.

This motion is made pursuant to Rule 56 of the Guam Rules of Civil Procedure, and is based on this Notice, the Memorandum of Points and Authorities filed contemporaneously herewith, the supporting Declaration and evidence served and filed herewith, the record of the proceedings and papers on file herein, together with any and all arguments to be adduced at the hearing of the within entitled motion.

Dated this __2nd__ day of April, 2004.

**VERNIER & MAHER, LLP**
**Attorneys for Answering Defendants**
**GARRY M. PASCOE and AMERICAN HOME**
**ASSURANCE COMPANY**

BY: _____
     TERENCE E. TIMBLIN

## MEMORANDUM OF POINTS AND AUTHORITIES

### APPLICABLE LAW

Rule 56 of the Rules of Civil Procedure reads, in part, as follows:

> (b) For Defending Party. A party against whom a claim, counterclaim, cross-claim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits, for a summary judgment in the party's favor upon all or any part thereof.
>
> . . .
>
> (c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez
Deputy Clerk, Superior Court of Guam

2

> The adverse party, prior to the day of the hearing, may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact". There is a genuine issue if there is sufficient evidence, which establishes a factual dispute requiring resolution by a fact-finder. However, the dispute must be as to a "material fact". A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint. In addition, the court must view the evidence and draw inferences in the light most favorable to the non-movant. _GHURA v. Pacific Superior Enterprises Corp. & Melwani_, 2001 Guam 8 (04-23-01), ¶11.

28 U.S.C. §2674 waives the sovereign immunity of the United States "relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances". 28 U.S.C. §2672 provides the procedure by which Federal agencies may resolve claims against them for personal injury or property damage

3

"caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment". 28 U.S.C. §1346(b) grants jurisdiction to federal courts of civil actions over such claims. 28 U.S.C. §2679(b)(1) provides as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. <u>Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded</u> without regard to when the act or omission occurred. (Emphasis added)

The courts have held that the statute means exactly what it says.

> On September 21, 1961, Amendments b through e to Section 2679 were adopted and approved. (citation omitted). Prior to this Amendment, Section 2679 was not sufficient to give immunity to the Government employee in a case like the present. (Citation omitted). These amendments deal directly with the present case. They grant immunity from personal liability to Federal employees which may arise out of their negligent operation of motor vehicles while in the scope of their Federal employment. These amendments also require the United States to remove any such action to the Federal Courts which may have been started in a State Court and that the action then becomes one exclusively against the United States with the individual employee immune from liability. Remand is only allowed when it is determined that the employee was not within the scope of his Federal employment at the time the tort was committed. This is the evident clear meaning of this statute. When this is true, there is no room for any other construction by the Court. <u>United States v. West View Grain Co., D.C.</u>, 189

4

F.Supp. 482; _Swarts v. Siegal_, (8th Cir) 117 F. 13, 18, 19. Two courts have indicated they believe this the proper construction of this amendment. _B.C. Morton International Corporation v. F.D.I.C._, supra; _Goddard v. District of Columbia Redevelopment Land Agency_, supra. It is interesting to note that the legislative history of the amendment completely supports the statute's clear meaning. See U.S. Code of Congressional and Administrative News, Vol. 1, 1961, pp. 2789-2796.

This legislative history of this Amendment shows that it was intended that the remedy against the United States for damage resulting from the operation of an employee of the United States of any motor vehicle while acting within the scope of his office or employment would be the sole remedy, and it was intended that the statute should exclude any separate cause of action against the employee. There is no contrary intention expressed anywhere in the legislative history. _Gustafson v. Peck_, 216 F.Supp. 370, 372-373 (N.D. Iowa, 1963).

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an accident that took place on Andersen Air Force Base on March 13, 2000 involving privately owned vehicles driven by Plaintiff SHAUNANNETTE D. WATSON and Defendant PASCOE. At the time of the accident, Defendant PASCOE was an active duty member of the United States Air Force employed as a fire fighter, and was the Acting Fire Chief for Andersen Air Force Base. It was a requirement of his position that he be on call for emergencies 24 hours a day and, when the accident occurred, he was responding to a report of an incoming helicopter that was on fire. See; Declaration of GARRY M. PASCOE and Excerpt of Andersen Fire Department Daily Activity Log as to the helicopter incident, attached thereto as Exhibit "A".

5

Plaintiff GEORGE L. WATSON, the registered owner of the vehicle driven by Plaintiff SHAUNANNETTE D. WATSON, filed a property damage claim shortly after the accident with AMERICAN HOME, through Guam Insurance Adjusters (GIA), and received a total loss settlement on April 14, 2000 in the amount of $5,037.00. See; Exhibits "A1" through "A4". On March 12, 2002, this action was filed seeking damages for personal injury on behalf of Plaintiff SHAUNANNETTE D. WATSON and for loss of consortium on behalf of Plaintiff GEORGE L. WATSON. AMERICAN HOME's local agent was served on October 28, 2002. The agent in turn provided the Complaint to GIA. An agreement was reached between counsel for Plaintiffs and GIA that no Answer need be filed until further written notice, pending a possible negotiated settlement. See; Exhibits "B", "C", "D" and "E". GIA has had no further contact with Plaintiffs since November 2002.

Also on March 12, 2002, Plaintiffs filed a Federal tort claim with the United States Air Force. See; Exhibit "F". It is alleged on the claim form that the accident was Defendant PASCOE's fault and that he was responding to the helicopter fire when it occurred. Damages of approximately $250,000.00 are sought for Plaintiff SHAUNANNETTE D. WATSON. GIA learned of the Federal tort claim from Defendant PASCOE in February 2004 and referred the matter to this office. This writer sent a letter to counsel for Plaintiffs on March 8, 2004 requesting that he dismiss this action based on the authority cited herein and informing him that this Motion would be filed if

he did not.[1] See; Exhibit "G". On March 20, 2004, counsel for Plaintiffs responded, stating that he would not dismiss. See; Exhibit "H".

## ARGUMENT

28 U.S.C. §2679(b)(1) unequivocally bars any lawsuit by a third party claimant against a Federal employee acting in the course of his employment. He is immune from suit, *Gustafson v. Peck*, *supra*, and his personal liability insurer is of necessity also immune as there can be no liability. There is a split of authority at the Federal district court level as to whether the United States may be an additional insured under the employee's personal policy or may be able to obtain indemnification from the insurance company. Yes: *United States v Government Employees Ins. Co.*, 409 F.Supp. 986 (E.D. Va. 1976); No: *Gipson v Shelley*, 219 F.Supp. 915 (E.D. Tenn. 1976). However, such right as may exist is solely with the United States and does not change the facts that the injured party's only remedy is a Federal tort claim and that he has no claim against the employee's insurer.

> Appellant's second challenge to the judgments in favor of Sanchez and GEICO asserts that "under the Federal Drivers Act, there should be allowed recovery which is actually against a federal employee's personal automobile liability insurance carrier for coverage of his privately-owned vehicle." Appellant's Brief at 11. We reject this contention. The reality is that any judgment against GEICO would affect Sanchez, if only in the form of an increased premium. Moreover, we question the desirability and the practicality of formulating a rule of law dependent upon a factual determination whether or not insurance is involved in the

---

[1] The letter also states that attorney's fees would be sought, however, no fees are now sought as there is an issue of fact as to whether Defendant PASCOE was acting in the course of his employment. Defendants assert that this issue of fact is foreclosed in their favor by the admissions of Plaintiffs in the Federal tort claim form and the Declaration of GARRY M. PASCOE filed herewith.

7

case which generally is improper for jury consideration. *Thomason v Sanchez*, 539 F.2d 955, 959 (3rd Cir. 1976).

Rule 14(a), supra, authorizes the joining of a third-parry defendant who is, or may be, liable to the defendant in whole or in part for a plaintiffs claim against that defendant, *Yost v. United States*, D.C. Cal. (1963), 212 F.Supp. 410, 411, but Government Employees Insurance Company is not, and cannot be, liable to the defendant Shelley, in whole or in part. As stated, these plaintiffs' claims by statute now lie against the United States solely. The insuror here contracted to be liable for all sums which the insured Shelley might become legally obligated to pay but did not contract to stand liable for any damages caused by the insured unless he was held legally liable therefor to some third party. *Gipson v Shelley*, supra at 916.

See also; *Danzy v United States Fidelity and Guarantee Co.*, 373 So.2d 995 (La. App. 1979) and *Smith v Rivest*, 396 F.Supp. 379 (E.D. Wisc. 1975). The rule also applies even where no recovery is possible against the Federal Government for reasons other than that the employee was not acting in the course of his employment, such as the Feres doctrine.[2] *Thomason v Sanchez*, supra at pp. 957-58; *Carr v. United States*, 422 F.2d 1007, 1011 (4th Cir. 1970); *Van Houten v. Ralls*, 411 F.2d 940, 942 (9th Cir.), cert. denied, 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969); *Vantrease v. United States*, 400 F.2d 853, 855 (6th Cir. 1968).

Counsel for Plaintiffs in his letter advances several arguments as to why this Motion should not be granted. Addressing them in the order presented:

---

[2] *Feres v. United States*, 340 U.S. 135 (1950), held that the Federal Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service,

8

That Defendant PASCOE was not acting in the course of his employment because he was transiting from his home to work. While a fireman driving from his home to a fire station prior to the beginning of his shift would not be acting in the course of his employment, one who is directly responding to reported emergency certainly is. Further, Defendant PASCOE was on call for emergencies and, therefore, on duty, 24 hours a day. Any doubt that he was responding to the helicopter incident is dispelled by the chronology set forth in the Federal tort claim form, the Andersen Fire Department Log and the Accident Report prepared by the Andersen Air Force Base police. See; Exhibit "I". The claim form states that the accident occurred at 12:20 p.m. on March 13, 2000. The Log indicates that the helicopter incident was first reported to the Andersen Fire Department at 12:19 p.m. and the Accident Report states that the accident took place at 12:24 p.m. In any event, Plaintiffs have acknowledged that Defendant PASCOE was acting in the course of his employment by filing the Federal tort claim. There could be no *respondeat superior* liability on the part of the United States if he was not. If they now claim that he was not, then the tort claim is fraudulent.[3]

That Defendant AMERICAN HOME has acknowledged liability by paying the property damage claim. An insurer has no duty to a third party claimant to accept or reject his or her claim in its entirety. Insurers routinely settle relatively small property damage claims where liability is doubtful simply because it is less expensive than litigation. In fact, the Release signed by Plaintiff GEORGE L. WATSON (Exhibit "A1") states, in part:

---

[3] The claim form, signed by counsel for Plaintiffs, provides that there is a criminal penalty for presenting fraudulent claims or making false statements of up to $10,000.00 and five years in prison.

9

> It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releases deny liability therefore and intend merely to avoid litigation and buy their peace.

In the case of a personal injury claim for $250,000.00, it is not surprising that an insurer will take a harder look at liability, and it has every right to do so.

That Defendant AMERICAN HOME is estopped from denying liability by paying the property damage claim. First of all, Plaintiffs are not parties to the contract of insurance between Defendant AMERICAN HOME and Defendant PASCOE, and are in no position to claim coverage by estoppel. Couch on Insurance 3d, §239:104. And even if they did have standing, they still would still have to show that they suffered actual prejudice as the result of reliance on the payment of the property damage claim. Couch on Insurance 3rd, §239:112. The only conceivable prejudice that they could have suffered was being lulled into thinking that they did not have to file a Federal tort claim until it was too late. However, they have, in fact, filed a timely claim.[4]

## CONCLUSION

Defendant PASCOE was acting in the course of his employment with the United States Government when the accident occurred and he is therefore immune from liability. Because he is immune from liability, so is Defendant AMERICAN

---

[4] 28 USC §2401(b) requires that a written claim must be presented to the appropriate Federal agency within two years "after such claim accrues" or within six months after the claim has been denied. The claim as well as this action were both filed one day short of the second anniversary of the accident.

10

HOME. Plaintiff's sole remedy, whether they recover anything or not, is their pending

Federal tort claim. Based on the foregoing, summary judgment should be granted.

Respectfully submitted this __2nd__ day of April, 2004.

**VERNIER & MAHER, LLP**
**Attorneys for Answering Defendants**
**GARRY M. PASCOE and AMERICAN HOME**
**ASSURANCE COMPANY**


**BY:** _____

TERENCE E. TIMBLIN

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

**JUL 1 0 2006**

Teresita S. Perez
Clerk, Superior Court of Guam