1  horn?

2     A. I don't recall.

3     Q. Was it more than once?

4     A. I'm sure that it was.

5     Q. But you can't recall how many times?

6     A. No.

7     Q. Okay.  Now, were there any other

8  vehicles in any of the streets that vent into

9  this intersection at the time you first saw Mrs.

10 Watson?

11    A. I don't recall.

12    Q. Will it be fair to say that as you were

13 trying to pass her, what you did was, you were

14 in her lane, but then moved to the lane to your

15 left, in other words the oncoming lane, to

16 attempt to pass her; is that correct?

17    A. Yes, that is correct.

18    Q. And, is it fair to say that you are

19 trying to be aware of the traffic at that

20 intersection who's coming in from Ulithi and

21 even beyond the intersection on Plumeria?

22    A. The Ulithi intersection has stop signs

23 for traffic traveling on Ulithi, so that if

24 there was any vehicles there, they would have

25 been stopped, and I do recall checking to make

1   sure that the oncoming traffic was clear.

2   Q.  And that required you to look ahead of

3   the intersection, is that correct?

4   A.  Yes.

5   Q.  Okay.  Because you didn't want to bump

6   into oncoming traffic when you were in the lane

7   of the oncoming traffic as you were trying to

8   pass Mrs. Watson; is that correct?

9   A.  Yes.

10  Q.  Okay.  Now, you've had a chance to

11  review this report before; is that correct?

12  A.  I've briefly looked over it this

13  morning.

14  Q.  Okay.  You know, on page 5, there's a

15  technical evaluation.

16  A.  Okay.

17  Q.  And, the examiner appears that he's

18  testing the turn signal of Mrs. Watson's car; do

19  you see that?

20  A.  In item number 5?

21  Q.  Yes, sir.

22  A.  (Reviews document) Yes.

23  Q.  And he made a conclusion that the bulb

24  met all the characteristics of one being on at

25  the time of impact.  Do you see that?

**PALABRA**
Jeffrey W. Anderson
Electronic Verbatim Reporter/Notary Public
Tel.(671)682-6090 • Fax:(671)734-3440

1   vehicle   or   the   traffic   in   front   of   the

2   intersection on Plumeria; is that correct?

3       A.   I don't recall exactly the sequence of

4   where my vision was directed.

5       Q.   Would that seem logical to you?

6       A.   It would have seemed logical for me to

7   continue checking the entire intersection that I

8   was approaching as well as the vehicle in front

9   of me that I was attempting to go around, as

10  well as any oncoming traffic.

11      Q.   Yes, sir. Okay, now, what is the legal

12  speed   on   the   roads   leading   up   to   this

13  intersection and at the intersection?   Is it 15

14  miles per hour as the police report indicates?

15      A.   The posted speed limit is 15 miles an

16  hour.

17      Q.   Okay.   That's confirmed on page 3 of

18  this report; is that correct?

19      A.   (Reviews document) Whereabouts are you

20  looking on page 3?

21      Q.   I'm   looking   at   the   top   portion,

22  Contributing Factors and Driver's Action Before

23  Accident.   It says lawful speed miles per hour

24  the last item.

25      A.   Yes, I see that now.   Yes, it does state

1  Q. Okay. What was you disagreement?

2  A. Well, as stated in my statement on page

3 14, I estimated my speed at 20 miles an hour.

4  Q. Okay. Was this speed that you were

5 traveling at, at the time your vehicle hit Mrs.

6 Watson?

7  A. To the best of my recollection.

8  Q. Alright. Now, did you break at all

9 before you vehicle hit Mrs. Watson's?

10  A. Yes.

11  Q. And did you car slow down as the result

12 or your braking?

13  A. Yes.

14  Q. Did you have to tap your brakes to try

15 to avoid this accident or did you slam on them.

16  A. I did neither. I applied pressure to

17 them until they... until the braking happened.

18 If you're asking...

19  Q. Okay.

20  A. ...if my breaks locked up; no.

21  Q. Okay, so is it fair to say that you

22 applied very firm pressure to your brakes?

23  A. I guess that's fair to say, sure.

24  Q. Okay. And when you applied that brake

25 some pressure, did you feel that the braking

1          (Back on the record)

2    BY MR. WONG:

3        Q.  Mr. Pascoe, did you understand, back at

4    the time of this accident that it was, according

5    to the rules of the road, improper to pass a

6    vehicle, while that vehicle is in an

7    intersection?

8        A.  Yes, I understood that rule of the road.

9        Q.  In terms of any regulations or other

10   law, applicable to Andersen Air Force Base, was

11   there any regulation or other law that allowed

12   you as the Acting Fire Chief or Deputy Fire

13   Chief at Andersen to pass vehicles at

14   intersections, as far as you know?

15       A.  Not that I'm aware of.

16       Q.  And I'm talking about in your P.O.V., in

17   your personal vehicle.

18       A.  That's understood.

19       Q.  Okay.  And was there any law or

20   regulation that allows you, as the Acting Fire

21   Chief or Deputy Fire Chief at the time of this

22   accident, to exceed the lawful speed on the base

23   in traveling in your P.O.V., whether it be back

24   to your fire station, or any other place on

25   base.

PALABRA
Jeffrey W. Anderson
Electronic Verbatim Reporter/Notary Public
Tel.(671)687-6099 • Fax (671)734-3440



A. Not that I'm aware of.

Q. Have you ever consulted with the base legal office at Andersen Air Force Base about this accident in which you're involved with Mrs. Watson?

A. They have called and inquired about it, yes.

Q. But, have you ever gone to them directly?

A. I may have, but I don't recall.

Q. Who at Base legal did you talk to, if you recall a name or rank of a person?

A. I don't know.

Q. When was this?

A. Again, I don't recall. I know that I've had conversations with personnel up at the base legal office about this accident. But who specifically I spoke with or when those conversations occurred, I don't recall.

Q. Did you give any written statement about the facts of this accident, including where you were before the accident and where you were going to anyone at the base legal office?

A. Not that I recall, no.

Q. Did you tell the folks at the base legal

*Watson, S( 6)*

AFLSA/JACT
1501 Wilson Boulevard, Room 835
Arlington, VA 22209-2403

*1 9* AUG 2002

Wayson W. S. Wong, Esquire
142 Seaton Blvd, Suite 203
Hagatna, Guam 96910

      Re: Claim of Shaunannette D. Watson
           Air Force Claim No. Andersen AFB 02-143

Dear Mr. Wong

      This letter is a follow-up to Major Fillman's letter of 10 July 2002. To date we have not received proof of your authorization to represent Mrs. Watson, nor the information requested regarding lost wages, medical expenses and all non-Government medical records and reports for treatment for Mrs. Watson's injury. Not wishing to delay resolution of this claim any longer, I decided to evaluate Mrs. Watson's claim under the provisions of the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680) based on the information available to me. To that end, I offer $5,000.00 to settle Mrs. Watson's claim arising from an automobile accident on Andersen AFB, Guam, on 13 March 2000.

      Although the amount offered is considerably less than the amount demanded, the available evidence does not support the damages claimed. Mrs. Watson claims she has been diagnosed with cervical, thoracic and lumbar strain, with a possible herniated cervical disc due to the accident. Her medical records do not support this claim. An MRI, taken on 8 February 2002, indicates she has "spondylotic changes to her cervical spine." Spondylosis is a degenerative disease and Mrs. Watson's medical records indicate she sought treatment for back pain in the same location in October 1998, seventeen months prior to the accident. Additionally, Mrs. Watson has several risk factors for spondylosis. Her weight and her job as a secretary, which could involve prolonged sitting, are factors that can lead to spondylosis. Also, Mrs. Watson had expressed concern to a medical practitioner during her annual exam, in May 2001, that her back pain was due to her breast size.

      In addition to the question of causation, is the threshold issue of scope of employment. Immediately prior to the accident the Air Force member was eating lunch in his quarters. He was returning to the fire station at the time of the accident in his privately owned vehicle. This clearly raises the issue of scope of employment. With this in mind, I note that the Air Force member's insurance carrier already settled property damage claims related to Mrs. Watson's accident and a claim the United States asserted against it for medical treatment Mrs. Watson received from military medical facilities shortly after the accident.

is a full true and correct copy of the
clerk of the Superior Court of Guam

JUL 1 0 2006

Teresita S. Perez

The above being said, I am aware that all cases carry litigation risk and that settlement for a reasonable sum furthers the goal of avoiding protracted litigation. It is also clear to me that the accident caused your client pain and suffering for a limited duration following the accident. After considering the above factors, the fact your client had out-of-pocket medical expenses of less than $300.00, and similar cases, I believe $5,000.00 is fair compensation for Mrs. Watson's injuries.

If Mrs. Watson agrees to accept $5,000.00 in full and final settlement of all claims arising out of this accident, she should sign the original and two copies of the attached settlement agreement in ink. All three signed agreements should then be returned to me at the address shown above. The fourth copy of the agreement is for your records. Upon receipt of the properly completed agreements and your authorization to represent Mrs. Watson, we can process the claim payment.

The Treasury Department now requires that settlement payments be made by direct deposit unless another method is justified. Therefore, please type in the information for the appropriate account in the space provided on Attachment 1 to the settlement agreement. In addition, 31 U.S.C § 3325(d) requires that the Taxpayer Identification Number (TIN) of the payee be included on the voucher we send to the Treasury Department for payment.

Please respond to this offer within three weeks. If I don't hear from you within that time I will continue processing the claim.

Sincerely

JOHN F. McCUNE, Lt Col, USAF
Chief, General Torts Branch
Tort Claims and Litigation Division

Attachment:
Settlement Agreement (4 copies)

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez
Clerk, Superior Court of Guam

# VERNIER & MAHER, LLP

**CONFIRMATION**

D. Paul Vernier, Jr.
John B. Maher

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: vernier@ite.net

Louie J. Yanza
Michael D. Flynn, Jr.
Terence E. Timblin

---

July 22, 2004

**VIA FACSIMILE – 477-4455**

Wayson W.S. Wong, Esq.
**LAW OFFICES OF WAYSON WONG**
142 Seaton Boulevard, Suite 203
Hagatna, Guam 96910

RE: **SHAUNANNETTE D. WATSON, ET AL. v. GARY M. PASCOE, ET AL.**
   **SUPERIOR COURT OF GUAM, CIVIL ACTION NO. CV0318-02**

Dear Mr. Wong:

This is to follow up and confirm our telephone conversations of July 19 and 20, 2004.

Enclosed is a copy of the declarations page of the policy in question (1 page); all documents regarding Mr. Watson's property damage claim, minus the four pages attached as exhibits to our Motion (6 pages); and all documents regarding the Federal Government's claim for reimbursement for the medical treatment of Mrs. Watson (15 pages).

You have agreed to provide me with all documents relating to your Federal Tort Claim.

These exchanges shall be treated as if formal Requests for Production of Documents, pursuant to Rule 34, have been made, and no objections are waived by the act of production.

As we have acknowledged, the insurer has settled the property damage claim and the Federal reimbursement claim and there is no need to depose anybody from Guam Insurance Adjusters, Inc.

You have indicated that you were unable to reach a settlement with the Federal Government on your Tort Claim, and that you elected to not file suit against the Government.

We have attempted to contact Mr. Pascoe in order for you to take his deposition and have been informed that he is on leave until August 1, 2001. We will attempt to have him available sometime in September.

I do hereby certify that the foregoing...
...is a full, true and correct copy of the...
...Clerk of the office of the...
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez
...Court of Guam

Both parties agree to any further continuances in order to insure that you shall have adequate time to prepare and file your Opposition to our Motion and that we shall have adequate time to prepare and file our Reply.

If this does not correctly reflect our agreement, please advise.

Sincerely,

**VERNIER & MAHER, LLP**

Terence E. Timblin

Enclosures as stated.

cc: Ms. Anita Fisher

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

## IN THE SUPERIOR COURT OF GUAM

SHAUNANNETTE D. WATSON and ) CIVIL CASE NO. CV 0318-02
GEORGE L. WATSON, )
) DECLARATION OF
Plaintiffs, ) WAYSON W. S. WONG
)
vs. )
)
GARRY M. PASCOE, AMERICAN )
HOME ASSURANCE COMPANY, )
and DOE DEFENDANTS 1 – 10, )
)
Defendants. )
_____)

## DECLARATION OF WAYSON W. S. WONG

Wayson W. S. Wong declares as follows.

1.     I have been the attorney for the plaintiffs in this case.

2.     With respect to the letters described in this declaration, I either wrote them or received them for this case from the authors described.

3.     With respect to the deposition of Garry M. Pascoe taken for this case on August 12, 2004, I took it.

4.     Exhibit "A" to the foregoing memorandum is a duplicate of the October 31, 2004 letter I wrote to attorney Terence Timblin for this case and its described enclosure. The facts set forth in that letter are true and correct to the best of my belief.

5.     Exhibit "B" to the foregoing memorandum is a excerpt from Mr. Pascoe's deposition including duplicates of its title page and pp. 14, 19 - 20, 23 - 24, 32, 35 - 36, 42 - 48, 50, 54 and 58 - 59 of that deposition.

6.     Exhibit "C" to the foregoing memorandum is a duplicate of the 19 Aug 2002 letter that Lt. Col. John F. McCune sent to me for this case.

7.     Exhibit "D" to the foregoing memorandum is a duplicate of the July 22, 2004 letter that attorney Timblin sent to me for this case.

I declare under penalty of perjury that the foregoing are true and correct.

Executed: Honolulu, Hawaii, November 1, 2004.

_____
Wayson W. S. Wong

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

2

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and<br>GEORGE L. WATSON, | )    CIVIL CASE NO.  CV 0318-02<br>)<br>)    CERTIFICATE OF SERVICE |
|          Plaintiffs, | ) |
| vs. | )<br>)<br>) |
| GARRY M. PASCOE, AMERICAN<br>HOME ASSURANCE COMPANY,<br>and DOE DEFENDANTS 1 – 10, | )<br>)<br>)<br>) |
|          Defendants. | )<br>) |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the date indicated below, a copy of foregoing documents, was

duly served by U. S. mail, postage prepaid (with a personal delivery the following day)

or personal delivery, upon the following at his last known address.

> Terence E. Timblin, Esq.
> Vernier & Maher LLP
> 115 Hesler Place, Ground Floor
> Gov. Joseph Flores Bldg.
> Hagatna, Guam  96910
>
> Attorney for Defendants Garry M. Pascoe and
> American Home Assurance Company

Dated:  Honolulu, Hawaii, November 1, 2004.

_Wayson W. S. Wong_
Wayson W. S. Wong
Attorney for Plaintiffs

Teresita S. Perez

JUL 1 0 2006

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam  96910
Phone:  475-7448

RECEIVED
9. So Am
NOV 0 3 2004
SUPERIOR COURT
OF GUAM
CLERKS OFFICE

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| SHAUNANNETTE D. WATSON and<br>GEORGE L. WATSON, | ) <br>) <br>) | CIVIL CASE NO.  CV 0318-02 |
| | ) | NOTICE OF PLAINTIFFS' MOTION |
| Plaintiffs, | ) <br>) | FOR LEAVE TO FILE FIRST<br>AMENDED COMPLAINT |
| | ) | |
| vs. | ) <br>) | |
| | ) | |
| GARRY M. PASCOE, AMERICAN<br>HOME ASSURANCE COMPANY,<br>and DOE DEFENDANTS 1 – 10, | ) <br>) <br>) | |
| | ) | |
| Defendants. | ) <br>) | |

## NOTICE OF PLAINTIFFS' MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT

Please take Notice that plaintiffs, by and through their counsel, Wayson

W. S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional

Corporation, will bring Plaintiffs' Motion for Leave to File First Amended

Complaint on for hearing, at the above-entitled Court, Judiciary Building, 120 W.

O'Brien Drive, Hagatna, Guam, on _____ at _____

_____.m. or as soon thereafter as the matter may be heard.

Dated:  Honolulu, Hawaii, November 2, 2004

Wayson W. S. Wong
Wayson W. S. Wong
Attorney for Plaintiffs

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

ORIGINAL

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

IN THE SUPERIOR COURT OF GUAM

SHAUNANNETTE D. WATSON and ) CIVIL CASE NO. CV 0318-02
GEORGE L. WATSON, )
) NOTICE OF PLAINTIFFS' MOTION
Plaintiffs, ) FOR LEAVE TO FILE FIRST
) AMENDED COMPLAINT
vs. )
)
GARRY M. PASCOE, AMERICAN )
HOME ASSURANCE COMPANY, )
and DOE DEFENDANTS 1 – 10, )
)
Defendants. )
_____ )

## NOTICE OF PLAINTIFFS' MOTION FOR LEAVE TO
## FILE FIRST AMENDED COMPLAINT

Please take Notice that plaintiffs, by and through their counsel, Wayson

W. S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional

Corporation, will bring Plaintiffs' Motion for Leave to File First Amended

Complaint on for hearing, at the above-entitled Court, Judiciary Building, 120 W.

O'Brien Drive, Hagatna, Guam, on _____ at _____

_____.m. or as soon thereafter as the matter may be heard.

Dated: Honolulu, Hawaii, November 2, 2004

Wayson W. S. Wong
Wayson W. S. Wong
Attorney for Plaintiffs

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. CV 0318-02 |
| Plaintiffs, | | NOTICE OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |
| vs. | | |
| GARRY M. PASCOE, AMERICAN HOME ASSURANCE COMPANY, and DOE DEFENDANTS 1 – 10, | | |
| Defendants. | | |

## NOTICE OF PLAINTIFFS' MOTION FOR LEAVE TO
## FILE FIRST AMENDED COMPLAINT

Please take Notice that plaintiffs, by and through their counsel, Wayson W. S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional Corporation, will bring Plaintiffs' Motion for Leave to File First Amended Complaint on for hearing, at the above-entitled Court, Judiciary Building, 120 W. O'Brien Drive, Hagatna, Guam, on _____ at _____ _____.m. or as soon thereafter as the matter may be heard.

Dated: Honolulu, Hawaii, November 2, 2004

Wayson W. S. Wong
Attorney for Plaintiffs

JUL 1 0 2006

Teresita S. P



Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| GARRY M. PASCOE, AMERICAN HOME ASSURANCE COMPANY, and DOE DEFENDANTS 1 – 10, | ) ) ) ) |
| Defendants. | ) ) ) |

CIVIL CASE NO.  CV 0318-02

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT;
EXHIBIT "A"; MEMORANDUM IN
SUPPORT OF MOTION; CERTIFCATE
OF SERVICE

## PLAINTIFFS' MOTION FOR LEAVE TO
## FILE FIRST AMENDED COMPLAINT

Plaintiffs Shaunannette D. Watson and George L. Watson (collectively, the "Watsons"), by and through their attorney, Wayson W. S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional Corporation, move this Court for an order granting plaintiffs leave to file a first amended complaint with the amendments to the Complaint filed herein as shown in Exhibit "A" attached.

This motion is made pursuant to Rule 15 of the Rules of Civil Procedure for the Superior Court of Guam ("GRCP").

This motion is based on the record of this case and the documents attached to it.

Dated:  Honolulu, Hawaii, November 2, 2004.

Wayson W. S. Wong
Attorney for Plaintiffs

do hereby certify that the forego...
s a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

(Faxed Copy, Original to Follow Shortly)



Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam  96910
Phone:  475-7448

Attorney for Plaintiffs


IN THE SUPERIOR COURT OF GUAM


SHAUNANNETTE D. WATSON and )
GEORGE L. WATSON,                        )
                                                        )
                        Plaintiffs,             )
                                                        )
            vs.                                     )
                                                        )
GARRY M. PASCOE, AMERICAN    )
HOME ASSURANCE COMPANY,      )
and DOE DEFENDANTS 1 – 10,        )
                                                        )
                        Defendants.         )
_____ )

CIVIL CASE NO. _____

FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL
OF SIX


## COMPLAINT

Plaintiffs Shaunannette D. Watson (Ms. Watson) and George L.
Watson (Mr. Watson), by and through their attorney, Wayson W. S. Wong, Esq.,
of the Law Offices of Wayson Wong, A Professional Corporation, as claims for
relief against defendants, allege as follows.

### FIRST COUNT

1.      At all times relevant, Ms. Watson has been an adult resident
of Guam.

2.      At all times relevant, Mr. Watson has been an adult resident
of Guam.

3.      At all times relevant, Ms. Watson and Mr. Watson have been
married.

I do hereby certify that the foregoing
is a true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

4. At all times relevant, defendant Garry M. Pascoe (Mr. Pascoe) has been an adult resident of Guam.

5. At all times relevant, defendant American Home Assurance Company (American Home) has been an insurance company authorized to do business in Guam.

6. Doe Defendants 1 – 10 are sued herein under fictitious names for the reason that, despite diligent and good faith efforts to obtain information, their true names and identities are presently unknown to plaintiffs, except that they have been connected in some manner with the named defendant(s) and/or have been employees, employers, agents, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors of the named defendant(s); and/or have been in some manner presently unknown to plaintiffs, engaging in the activities alleged herein; and /or have been in some manner responsible for the injuries or damages to plaintiffs; and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to plaintiffs and their attorneys. Plaintiffs ask leave of this Court to identify the Doe Defendants 1 – 10, if and when their identities are ascertained.

7. This Court has jurisdiction of this action pursuant to 48 U.S.C. §1424, as amended, and 7 G.C.A. §3105 and jurisdiction over the defendants.

8. On March 13, 2000, Mr. Pascoe , approaching the car driven by Ms. Watson from her rear, crashed his car into the driver's side of Ms. Watson's car as she was attempting to make a left turn.

9. That collision was caused by the negligence of Mr. Pascoe.

10.     As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has suffered injuries to her body, for which she has incurred medical and other health care expenses and will continue to incur such expenses.

11.     As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has lost income and may continue to lose income.

12.     As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has had pain and suffering, the loss of enjoyment of life, and mental and emotional distress and probably will continue to incur the same.

13.     Mr. Pascoe is liable to Ms. Watson for her injuries and damages.

## SECOND COUNT

14.     Plaintiffs reallege paragraphs 1 – 13 of this Complaint.

15.     As a legal cause of the collision and the negligence of Mr. Pascoe, Mr. Watson has lost consortium with respect to Ms. Watson and continues to suffer such loss.

16.     Mr. Pascoe is liable to Mr. Watson for his damages.

## THIRD COUNT

17.     Plaintiffs reallege paragraphs 1 – 13 and 15 - 16 of this Complaint.

18.     American Home issued a policy of liability insurance under which Mr. Pascoe was an insured and, if he was in the course and scope of his employment with the United States, under which the United States was an additional insured.

19.     That policy was in full force on March 13, 2000.

20.     That policy provided coverage for liability by Mr. Pascoe for bodily injuries and/or damages to Mr. and Ms. Watson and/or if he was in the course and scope of his employment with the United States, for its liability for such bodily injuries and damages.

21.    Pursuant to 22 G.C.A. §18305, plaintiffs are entitled to maintain this direct action against American Home and to recover from it for their injuries and damages, up to the applicable policy limits.

WHEREFORE, plaintiffs pray as follows:

a.    That judgment be entered in their favor against defendants, jointly and severally, for plaintiffs' special and general damages;

b.    That they be awarded appropriate interest;

c.    That they be awarded their attorney's fees and costs; and

d.    That the Court grant such other and further relief as it deems appropriate.

Dated:  Hagatna, Guam, _____ ~~March 12, 2002~~.


_____
Wayson W. S. Wong
Attorney for Plaintiffs


do hereby certify that the foregoing
s a full true and correct copy of the
original on file to the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

| | |
|---|---|
| SHAUNANNETTE D. WATSON and<br>GEORGE L. WATSON,<br><br>Plaintiffs,<br><br>vs.<br><br>GARRY M. PASCOE, AMERICAN<br>HOME ASSURANCE COMPANY,<br>and DOE DEFENDANTS 1 – 10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL CASE NO. CV 0318-02<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

The Watsons seek to amend their Complaint to assert the same claim for damages that they asserted against defendant American Home Assurance Company ("American Home") but on a different basis. They originally asserted that direct action claim against American Home on the basis of the liability of its named insured's, defendant Garry Pascoe's, liability to them. American Home has claimed that Mr. Pascoe was in the course and scope of his employment with the United States at the time of the collision involved in this case; therefore, it has exclusive liability to them. However, the Watsons are informed and believe that if American Home is correct, the United States is an additional insured under the automobile liability policy involved; and therefore, they are entitled to bring the same direct action claim against American Home, but on the additional basis of the United States' liability to them (when they prove that the United States would have been vicariously liable to them at the time they originally sued American Home, irrespective of the fact that it was not sued in this case). They have amended their Complaint to set forth that additional basis and entitled that amended Complaint, their First Amended Complaint.

## II.   DISCUSSION

GRCP Rule 15(a) provides that after the pleadings have closed, which is the case here, "... a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Under those provisions of the rule, it certainly appears that the amendments described in the First Amended Complaint should be allowed.

Guam cases have not discussed that rule, but the Ninth Circuit certainly has. In *Griggs v. Pace American Group, Inc.*, 170 F.3d 877 (9th Cir. 1999) the Ninth Circuit again set forth that:

> A district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *See DCD Programs, Ltd., v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Generally, this determination should be performed with all inferences in favor of granting the motion. *See id.*

*Griggs* at 880 (emphasis added.)

In this case, none of those four factors exist; therefore, leave to amend should be granted.

Perhaps the Complaint could have been amended earlier, but since American Home had previously paid 100% of the Watsons' property damages and plaintiff Shaunannette Watson's medical expenses, they did not have any idea that American Home would subsequently contend it had no liability in this case until it filed its April 2, 2004 Motion for Summary Judgment contending that it had no liability. That motion has trigged the need for the amendments to the Complaint.

Even if the defendants somehow contend that there has been undue delay, the Ninth Circuit has held that:

> Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party. See *United States v. Webb*, 655 F.2d 977 (9th Cir. 1981); *Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973).*

*Roberts v. Arizona Board of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). As indicated, there has been no bad faith; and there will be no undue prejudice to the defendants by this Court granting leave to file the First Amended Complaint.

We say "undue prejudice" because:

> Prejudice does not mean inconvenience to a party. Moreover, it is obvious that an amendment, designed to strengthen the movant's legal position, will in some way harm the opponent. In the context of a 15(a) amendment, prejudice means that the nonmoving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." *Heyl & Patterson Intern.*, 663 F.2d at 426. *Cf. Cornell & Co.*, 573 F.2d at 825 (court denied the government's motion to amend as delay was the cause of the defendant's inability to secure the testimony of vital witnesses).

*Cuffy v. Getty Refining & Marketing Company*, 648 F.Supp. 802, 806 (D.Ct. Del. 1986). For all intents and purposes, this case has barely gotten off the ground, pending this Court's decision on the defendants' Motion for Summary Judgment. Plaintiff Garry Pascoe has not even answered; he is waiting for that decision. No discovery deadlines or other trial deadlines have been set. Defendants are free to conduct any discovery they want. They will not be unfairly disadvantaged or deprived in any way of the chance to present facts or evidence which they would have offered had the amendments been made earlier. As indicated, there will be no undue prejudice to the defendants in allowing the amendments.

III.    **CONCLUSION**

The proposed amendments are proper and assert another good basis for the claim against American Home. There is no valid reason to preclude them. Based on the applicable law and the facts and in the interests of justice, the Plaintiffs' Motion for Leave to File First Amended Complaint should be granted.

Dated:  Honolulu, Hawaii, November 2, 2004.

Wayson W. S. Wong
Attorney for Plaintiff

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatña, Guam.

JUL 1 0 2006

Teresita S. Perez
Clerk, Superior Court of Guam

3



### IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON, | ) CIVIL CASE NO. CV 0318-02 |
| Plaintiffs, | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| GARRY M. PASCOE, AMERICAN HOME ASSURANCE COMPANY, and DOE DEFENDANTS 1 – 10, | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I certify that on the date indicated below, a copy of foregoing documents, was duly served by personal delivery, upon the following at his last known address.

Terence E. Timblin, Esq.
Vernier & Maher LLP
115 Hesler Place, Ground Floor
Gov. Joseph Flores Bldg.
Hagatna, Guam  96910

Attorney for Defendants Garry M. Pascoe and
American Home Assurance Company

Dated:  Honolulu, Hawaii, November 2, 2004.

Wayson W. S. Wong
Attorney for Plaintiffs

do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez