Plaintiffs have failed to contest the facts or distinguish the authorities cited therein, or address them at all, and this amounts to a non-opposition on this point.

### CONCLUSION

Plaintiff SHAUNANNETTE WATSON appears to have suffered an injury to some degree as the result of the accident in question. Plaintiffs had a perfectly good, as well as exclusive, remedy against the United States for whatever damages they could prove. Plaintiffs filed a federal tort claim and received a settlement offer of $5,000.00. Plaintiffs had the choice of accepting the offer or filing suit and attempting to prove greater damages. However, Plaintiffs chose to do neither and their time has expired. This is not the fault of Defendants PASCOE and AMERICAN HOME and cannot be a basis for imposing liability where none exists. Based on the foregoing, summary judgment should be granted.

Respectfully submitted this ___4th___ day of November, 2004.

**VERNIER & MAHER, LLP**
**Attorneys for Answering Defendants**
**GARRY M. PASCOE and AMERICAN HOME**
**ASSURANCE COMPANY**

BY: _____
TERENCE E. TIMBLIN, ESQ.

...do hereby certify that the forego...
...s a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

**AMERICAN HOME ASSURANCE**
(ISSUING COMPANY)

DECLARATION
FOREIGN
AUTOMOBILE
POLICY

NO. 65 700 946 RC No. 529471  262 41 50¹ ³

THESE DECLARATIONS WITH COMPANY POLICY FORM NO. 483 -- 3rd REVISION COMPLETE THE ABOVE NUMBERED POLICY.

| TRANS | SO | CO. | TERM | CURRENCY | R.D | PRODUCER | COUNTRY | THE OCCUPATION OF THE NAMED INSURED IS (If married, give occupation or business) | Date of Birth | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | mo. | day | yr. |
| 2 | 3 | 34 | 1 | 1 | 26 | 507 | 10 GUAM | 507/0021 MI M | 3 | 14 | 5? |

| The Named Insured is: | If Married, living with spouse? | If Member of Armed Forces, give Rank, Serial Number and Service Branch | Age of Youngest Driver |
|---|---|---|---|
| Single  Married  ✗ | Yes ✗  No | E5 USAF | 41 |

**Item 1  NAME OF INSURED AND ADDRESS**

GARRY PASCOE
1401 PANAPE BLVD
YIGO GUAM  96929

**BROKER**
**International Insurance Underwriters, Inc.**
P.O. Box 7729
Fredericksburg, Virginia  22404-7729

| UNDERLYER REQUIRED | YES | NO |
|---|---|---|
| AGENT | | |

**Item 2** The Policy Period from  12 NOV, 1999  TO  12 NOV, 2000   12:01 A.M. Standard time at the address of the named insured as stated herein.

**Item 3** The insurance afforded is only with respect to such and so many of the following Coverages as are indicated by specific premium charge or charges. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of this policy having reference thereto.

| COVERAGES | | POOL | CLASS | LIMITS OF LIABILITY | PREMIUM | CARD |
|---|---|---|---|---|---|---|
| A. COMPREHENSIVE - LOSS OR DAMAGE TO THE AUTOMOBILE EXCEPT BY COLLISION OR UPSET BUT INCLUDING FIRE AND THEFT  AMOUNT DEDUCTIBLE $ | 100 | 99 | 01 | $ | $ 73.00 | 1 |
| B. COLLISION OR UPSET  AMOUNT DEDUCTIBLE $ | 200 | 99 | 02 | $ | $ 177.00 | 1 |
| C. MARINE  SHIPMENT FROM  TO (including war risk)  ON OR ABOUT  MANDATORY  UNDER DECK S.S. ($100.00 Deductible) | | | 03 | | INCA | 1 |
| D. BODILY INJURY LIABILITY | | 99 | 11 | $ 25000 EACH PERSON  $ 50000 EACH ACCIDENT | $ 59.00 | 1 |
| E. PROPERTY DAMAGE LIABILITY | | 99 | 11 | $ 30,000 EACH ACCIDENT | $ 72.00 | 1 |
| F. MEDICAL PAYMENTS | | | 11 | $ EACH PERSON | NIL | 1 |
| G. SPECIAL CHARGES  UNISURED MOTORISR | | 99 | | 25,000 PERSON  50,000 EACH ACCIDENT | 28.00 | 1 |
| SHORT TERM MINIMUM EARNED PREMIUM 20% OF ANNUAL PREMIUM | | | | | **TOTAL PREMIUM** $ 409.00 | COMM. 0000 |

**Item 4  DESCRIPTION OF THE AUTOMOBILE AND THE FACTS RESPECTING ITS PURCHASE BY THE NAMED INSURED.**

| YEAR MODEL | TRADE NAME | MODEL | TYPE OF BODY (LOAD CAP. IF TRUCK) (SEAT CAP. IF BUS) | SERIAL NO. | ACTUAL COST WHEN PURCHASED INCL. EQUIPMENT | PURCHASED MO.  YR. | IS AUTO FULLY PAID FOR? |
|---|---|---|---|---|---|---|---|
| 88 | NISSAN MAXIMA | | 4DR | JN1HU11P0JX3886 35 | 15A | 18A | Y |

**Item 5** Loss, if any, under Coverages A, B, and C is payable to the named insured and

**Item 6** The purposes for which the automobile is to be used are "pleasure and business," unless otherwise stated herein. (a) The term "pleasure and business" is defined as personal, pleasure, family and business use. (b) The term "commercial" is defined as the transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct connection with the named insured's business occupation as expressed in Item 1, including occasional use for personal, pleasure, family and other business purposes. (c) Use of the automobile for the purpose stated includes the loading and unloading thereof.

**Item 7** The geographical area in which this policy applies is  GUAM

**Item 8** (a) Except with respect to bailment lease, conditional sale, mortgage or other encumbrance, the named insured is the sole owner of the automobile, and (b) during the past year no insurer has canceled any automobile insurance issued to the named insured or declined to issue any such insurance. Exceptions to (a) and (b), if any

**Item 9** Notice of accident or loss. In the event of accident or loss covered hereunder, immediate notice is to be given to:

GUAM INSURANCE & ADJUSTERS INC
P.O. BOX 822
AGANA, GUAM  96910

**Item 10** This policy subject to attached Form Nos.  33152 37815-AM 39397 45090

2 - GI AUTO

do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam  Hagåtña, Guam

JUL 10 2006

Teresita S. Perez

Countersigned By:

Countersigned this  1  day of OCTOBER  19 99

Cake's Insurance Underwriters, Inc.
AUTHORIZED REPRESENTATIVE
General Agent

AU - 483a 8/95

POLICYHOLDER

Exhibit
A



**DEPARTMENT OF THE AIR FORCE**
AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

3 0 APR 2003

AFLSA/JACT
1501 Wilson Boulevard, Room 835
Arlington, VA 22209-2403

Wayson W. S. Wong, Esquire
142 Seaton Boulevard, Suite 203
Hagatna, GU 96910

Re: Claim of Shaunannette Watson, Air Force Claim No. Andersen AFB 02-143

Dear Mr. Wong

By letter dated August 19, 2002, I offered to settle the above-listed claim for $5,000. On November 5, 2002, I received notice that your client rejected my offer and would submit additional information that might prompt us to raise our offer. Three months later, by letter dated January 31, 2003, I requested your client submit whatever additional information she wanted me to consider no later than February 25, 2003. On March 4, 2003, you notified me by e-mail that you had additional information and would forward it within a few weeks. On April 16, 2003, I notified you by e-mail that I had not yet received any additional information from you or Mrs. Watson. In the same electronic message, I renewed my $5,000 settlement offer and warned that it would not be available much longer. You replied the same day and told me you would try to provide me additional information within a few days.

To date, I have not received any additional information from you or Mrs. Watson. I tried to fairly adjudicate this claim and offered your client ample opportunity to address the causation issues that exist in her case and substantiate her alleged damages. The time for resolving the claim is here. Based on the available relevant facts and circumstances, I must conclude that an administrative resolution of this claim is not appropriate. Consequently, I must deny the claim.

This is a final denial of Shaunannette Watson's administrative claim under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680). If Ms. Watson is dissatisfied with this decision, she may file suit in an appropriate United States District Court not later than six months after the date of the mailing of this letter.

Sincerely

*[signature]*

JOHN F. McCUNE, Lt Col, USAF
Chief, General Torts Branch
Tort Claims & Litigation Division

*do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam Dated at Hagatna, Guam*

JUL 1 0 2006

*[signature]* Teresita S. Perez

Exhibit
B

000001

FILED
SUPERIOR COURT
OF GUAM

2003 OCT 2X PM 2: 09

CLERK OF COURT

BY:_____

RECEIVED
11:33 A.M.
OCT 29 2003
VERNIER &
MAHER, LLP

# IN THE SUPERIOR COURT OF GUAM

**LESLEE HOUSTON and**
**BARRY COX,**

**CIVIL CASE CV1591-02**

Plaintiffs/*Kehante siha,*

v.

**GUAM POWER AUTHORITY; NATIONAL**
**UNION FIRE INSURANCE COMPANY OF**
**PITTSBURGH, PA; and DOES 1-10 Inclusive,**

**DISISION YAN OTDEN**[1]

Defendants/*Difendante siha.*

---

Plaintiffs' complaint came before the Court on September 8, 2003 pursuant to a continued Scheduling Conference and a discovery compliance hearing. The Court was advised that Plaintiffs had filed a demand for a jury trial in their action against Defendants, which Defendants oppose, and it was necessary that the Court make a ruling on the appropriateness of the jury demand prior to the setting of this action for trial. **William L. Gavras,** Esq., of the Law Offices of Gorman & Gavras, P. C. represented the Plaintiffs, *Leslee Houston* and *Barry Cox.* **Terrence E. Timblin,** Esq., of McKeon Vernier Price Maher, represented the Defendants, *Guam Power Authority, and National*

I hereby certify that this is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

JUL 10 2006

Teresita S. Perez

---

[1]Decision and Order



*Union Fire Insurance Company of Pittsburgh, Pa.* The Court, having given due consideration to the parties' memoranda, now renders this Decision and Order.

## *I MANMALOFFAN*[2]

On October 23, 2002, Plaintiffs filed a complaint for negligence against the Guam Power Authority ("GPA") and National Union Fire Insurance Company of Pittsburgh, Pa., (NUFIC) GPA's insurer. Plaintiffs amended their complaint on November 6, 2002. Plaintiff, Barry Cox is the owner of Southern Comfort Ranch and Zoo, located in the village of Malesso (Merizo). The complaint alleges that on or about September 16, 2001, Defendant GPA breached its duty [to safely supply electrical power to Plaintiff's property and to keep in a safe condition the equipment and power lines owned and maintained by GPA for the purpose of supplying electrical power to Plaintiff's property] when it negligently provided electricity to Plaintiff's property in a dangerous and unreasonable manner. On the said date, as a proximate result of GPA's negligence, a fire was started causing Plaintiff Leslie Houston to be severely injured when she was burned, causing her to suffer bodily injury in addition to other compensable injuries. Plaintiff Barry cox suffered financial injury when the fire engulfed and destroyed or damaged his business and personal property. Plaintiffs seek damages for their injuries.

In addition to the suit against GPA, Plaintiffs file this action against NUFIC, as the insurer of GPA pursuant to the direct action statute. Plaintiffs seek to recover from NUFIC an amount equal to any judgment which may be recovered against GPA.

Together with their complaint, Plaintiffs demand a jury trial in their action against Defendants. It is this demand for a jury trial against GPA that concerns the instant inquiry.

---

[2]Background

Case 1:06-cv-00016    Document 7-10    Filed 07/13/2006    Page 5 of 25

### *DINISKUTA*[3]

Plaintiffs have commenced a negligence action against Defendant GPA, having complied with the jurisdictional requirements of the Government Claims Act [Chapter 6 of 5 GCA]. The Claims Act sets forth procedures which a claimant must follow prior to commencing suit against the government or any of its agencies. §6102 includes GPA within its coverage. §6209 provides for the procedure of such action within the Courts. It provides:

> **§ 6209. Procedure in Court.**
>
> All actions brought under this Chapter shall be governed by the law and rules of procedure of the Superior Court of Guam. Service of process shall be made upon the Claims Officer and upon the Attorney General. **Trial shall be without a jury.**

All actions against the government and its agencies under the Government Claims Act proceed before the Court in a trial to the Court. In this particular action, the Plaintiffs have also sued National Union Fire Insurance Company of Pittsburgh, Pa. Plaintiffs have sued NUFIC under Guam's direct action statute, 22 GCA §18305. It provides:

> § 18305. Liability Policy: Direct Action.
> On any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy, whether or not the policy of insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. Such action may be brought against the insurer alone, or against both the insured and insurer.

In bringing this action against the insurer, the Plaintiffs have elected to sue both the insured and the insurer.

Defendants contend that this action cannot proceed with a jury. Plaintiffs, however, contend

---

[3]Discussion

Case 1:06-cv-00016    Document 7-10    Filed 07/13/2006    Page 6 of 25

that since the right of the government to be free from trial by jury is an assertion of its sovereign immunity [ a personal defense], an insurer being sued by a third party claimant under Guam's direct action statute cannot raise its insured's personal defenses. Plaintiffs argue that Guam's direct action statute[4] was adopted from Louisiana and under Louisiana law, personal defenses such as bankruptcy, interspousal immunity, parental immunity, and insanity are considered "personal defenses and cannot be raised by an insurer under the direct action statute", [citations omitted].

In opposition, Defendants argue that even under Louisiana law, where the liability of the insurer is purely derivative of that of the government entity and there is no independent liability on the part of the insurer, the matter may be only tried by the court, citing *Dean V. Terrebonne Parish*, 510 So. 2d 82, (La. App. 1987); *Doe v. Louisiana State University*, 517 So. 2d 488 (La. App. 1987); and *Decourt v. Caracci*, 704 So. 2d 42 (La. App. 1997).

It appears well settled in federal courts that the inclusion of the insurer in actions under the Federal Tort Claims Act is proper. Moreover, there is no right to a jury trial merely because the insurer is impleaded into the action. See *Nistendirk v. U. S.*, 225 F. Supp. 884 (W.D. Mo. 1964).

> The third party defendant contends that since no jury trial may be had under the Federal Tort Claims Act, M.F.A. will be denied its right to a trial by jury if impleader is permitted. Certainly M.F.A. will be denied a jury trial in this situation, however, M.F.A. has no right to a jury trial under these circumstances. The United States is an insured under the policy, and M.F.A. comes into the suit in the position of its insured who is not entitled to a jury trial. M.F.A.'s position that it is entitled to a jury trial on the issue of coverage is not well taken, in that in the situation presented by the present case, the determination of coverage is a question of law and not a question of fact for the jury.
> *Nistendirk,* at 885.

---

[4]Plaintiffs cite *Kelly v. Capital Insurance & surety Co.*, 241 F. Supp. 605 (D. Guam 1965) for this proposition.

Case 1:06-cv-00016    Document 7-10    Filed 07/13/2006    Page 7 of 25

The Guam Legislature has seen fit to waive the government's sovereign immunity from suit in contract and tort matters. In waiving its immunity, it has established a procedure under the Government Claims Act that regulates how claims are to be filed and how claims are to proceed. Most important, the Legislature has mandated that all suits against the government and its entities can proceed only through a trial to the Court. Thus, the Legislature has disallowed jury trials in all actions against the government and its entities under the Claims Act.

In this particular action, Plaintiffs bring this suit against GPA and against its insurer not because they have independent claims against the insurer but only because it is a source of payment if judgment is recovered against Defendant GPA. The party in interest in Defendant GPA. As an entity included within the provisions of the Government Claims Act, an action against GPA may only proceed without a jury trial.

## DITETMINASIÓN[5]

Based upon the above reasons, the Court hereby finds and holds that Plaintiffs may not maintain a jury trial action against the Defendants in this case. The insurer is impleaded solely under the direct action statute and not because Plaintiffs have independent actions against it. The insurer stands in the shoes of GPA. It will have liability hereunder only if GPA is found liable to Plaintiffs.

**So Ordered this 27th day of October, 2003.**

Joaquin V. E. Manibusan, Jr.
Judge, Superior Court of Guam

[5]Conclusion

Page 5 of 5

Received for Service _____ M. Blas
Deputy Clerk, Superior Court of Guam

OCT 7 2003

_____ 20 _____

Marshal, Superior Court
Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUL 1 0 2006

Teresita S. Perez

RECEIVED
CM
APR 28 2004
11:20
VERNIER &
MAHER, LLP
D.COURT

FILED
DISTRICT COURT OF GUAM

APR 27 2004

MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| QUAN XING HE aka QUIONG, HE XIN, | Civil Case No. CV01-00068 |
| Plaintiff, | |
| vs. | |
| GOVERNMENT OF GUAM and the UNITED STATES, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA., | **ORDER** |

This matter is before the Court on the defendant's, National Union Fire Insurance Company's ("National Union") Renewed Motion to Dismiss Without Prejudice. The Court has reviewed the parties' submissions, as well as relevant caselaw and authority. For the reasons that follow, the Court GRANTS the defendant's motion.

## I. BACKGROUND

On December 18, 2001, the plaintiff filed this action against the Government of Guam (the "Government") and the United States. On or about May 17, 1999, Mr. Quan Xing He (the "plaintiff") alleged that he was injured while in INS (Immigration and Naturalization Service) custody and being held by the Department of Corrections of the Government of Guam. Specifically, he alleged that while in the course of a work detail, he was directed to ride on the back of a flatbed truck with various equipment on it. The equipment included a compressor which was tied to the truck by rope. Allegedly, the rope holding the compressor broke loose

s a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez

Exhibit
D

1    when the driver turned a corner, causing the plaintiff and compressor to fall to the ground. The

2    plaintiff sustained injuries which he states were caused by the wrongful acts or negligence of the

3    defendants or their agents.

4        After filing the complaint, the plaintiff subsequently amended his complaint. On April

5    5, 2002, the plaintiff filed a First Amended Complaint naming National Union as an additional

6    defendant. On May 24, 2002, the plaintiff filed a Second Amended Complaint, to state that the

7    driver of the vehicle was employed by the Agency for Human Resources Development, a

8    Government of Guam agency, and the Guam Airport Authority. On July 18, 2002, the plaintiff

9    filed a Third Amended Complaint to change the designation of the driver's employer from that

10    of the Guam Airport Authority to the South Pacific Games Commission.

11        On April 16, 2002, the Government filed a Motion to Dismiss on the basis of sovereign

12    immunity. Although National Union joined in the Government's Motion on October 7, 2002,

13    it did not provide any basis as to why it should be dismissed. On January 8, 2003, the Court

14    issued an Order granting the Government's Motion to Dismiss, but did not address the National

15    Union's motion. On January 23, 2003, National Union filed its Renewed Motion to Dismiss

16    Without Prejudice.

17                              **II. ANALYSIS**

18        The defendant now moves the Court pursuant to Rule 12(b) of the Federal Rules of Civil

19    Procedure, to dismiss without prejudice the case against it. Previously, the Court issued an Order

20    granting the defendant, Government of Guam's Motion to Dismiss based on Rule 12(b)(2).[1]

21    Likewise, National Union claims its motion to dismiss should be granted because it's purported

22    insured, the Government of Guam, has now been dismissed from the case and an insurer cannot

23    be held liable if it's insured cannot.

24        The plaintiff asserts that the claim against National Union survives under Guam's direct

25    action statute. Guam's direct action statute as set forth in 22 Guam Code Ann. § 18305

26    ————————————————

27        [1]National Union does not specify what section of Federal Rule of Civil Procedure 12(b) it

28    moves to dismiss this matter. However, in light of its argument that it stands in the shoes of its
purported insured, the Court treats this motion as one under Rule 12(b)(2).

provides:

> On any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer **within the terms and limits of the policy**, whether or not the policy of insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. Such action may be brought against the insurer, alone, or against both the insured and insurer. (Emphasis added).

The statute allows for an injured party to bring suit against the insurer, insured or both. Although the purported insured is no longer a party here, the plaintiff is only proceeding against the insured, for which the statute provides.

The purpose of the direct action is to assist the injured party in obtaining recovery when liability is established. Kirtland v. Tri-State Insurance Company, 556 P.2d 199, 202 (Kan. 1976) Rather than suing the insured, an injured party is able to sue the insurer in the insured's stead where obtaining jurisdiction over the insured is difficult or impossible.

> There was a strongly valid reason for Guam's action in authorizing a direct proceeding against the insurer of an automobile operating upon Guam's roadways. It is well known that the population of the Territory, military personnel and others, has been unusually transient in its nature. Obviously, it was believed that an insurer of an automobile should not escape a just obligation because of the removal of its insured from the Territory and the consequent difficulty or impossibility of subjecting the insured himself' to the jurisdiction, in personam, of the courts of Guam. Capital Insurance and Surety Company, Inc. v. Kelley, 361 F.2d 567, 569 (9th Cir 1966).

National Union concedes the plaintiff is free to bring an action under the statute against the insurer, but argues that the right is not unfettered. The plaintiff still is confined to the insurance policy terms and provisions as stated in the statute. Under the policy, Union National agreed to indemnify the insured for all sums which he became legally obligated to pay as damages because of bodily injury arising out of the use of the insured automobile; and that no action would lie against the company until the amount of the insured's obligation to pay was finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. See Defendant National Union Renewed Motion to Dismiss Without Prejudice, Exhibit A attached thereto. National Union

1    acknowledges that the statue nullifies the prohibition against filing suit prior to the determination

2    of the insured's obligation to pay, but there still must be some liability found on the part of the

3    insured for which it may become legally obligated to pay as damages.

4         The Court agrees with National Union and has previously determined that "the express

5    language of §18305 limits the "right of direct action against the insurer *within the terms and*

6    *limits of the policy*." See Heikkila v. Sphere Drake Ins. Underwriting Mgt. Ltd., 1997 W.L.

7    995625, *5 (1997). Having held that position, the Court is also mindful of having to actually

8    look at the facts of each case and the terms and provisions of the policy in question. Obviously,

9    the Court will not honor terms or provisions that have the effect, directly or indirectly, of

10   precluding a direct action all together.

11        In deciding what weight to give the terms and provision, the Court looks to Capital

12   Insurance and Surety Company, Inc. v. Kelley, 361 F.2d 567 (9th Cir. 1966), for guidance. In

13   Capital, the third party claimant sought recovery against the insurer under the Guam Direct

14   Action Statute, where it was impossible to get recovery against the insured. The insurance policy

15   provided that the insurer would " . . . indemnify the insured for all sums which he shall become

16   legally obligated to pay as damage because of bodily injury . . . " The insured was deceased and

17   no survival statute was in force at the time. Although the District Court found in favor of the

18   third party claimant, the Ninth Circuit reversed the judgment and held that recovery against the

19   insurer was barred, as the deceased insured did not and could not become "legally obligated to

20   pay."

21        In this instance, the terms of the policy require the plaintiff to be found legally obligated

22   before the insurer will be required to pay. As noted in this Court's prior ruling, the purported

23   insured was dismissed from this case on the grounds of sovereign immunity and it is now

24   impossible for the Government of Guam to be found legally obligated in this Court.

25        In keeping consistent with Capital, and this Court's ruling in Heikkila, the Court finds

26   that there can be no recovery where there can be none against the insured under the policy terms

27   and provisions. Moreover, the Court finds the argument that once the insurer is sued directly

28   without the joining of the insured, it must be entitled to defend itself against the injured party's

1  claims persuasive.[2] The insurer should be placed in the shoes of the insured. See <u>Kirtland v. Tri-</u>

2  <u>State Insurance Company</u>, 556 P.2d 199, 202 (Kan. 1976) (Since the insurer by stands in the

3  shoes of the insured, he can have no greater or lesser rights or obligations than the insured.). In

4  <u>Kirtland</u>, the plaintiff sought to bring action against insurer within the three-year statute of

5  limitations. However, the court found that if the plaintiff brought such an action against the

6  insured there would only be a two-year statute of limitations. The court declined to extend

7  greater rights against the insurer than one would have against the insured.

8         Likewise, the Court finds:

9         The direct action statute does not create an absolute liability on
          the part of the insurer nor does it create any tort liability where
10        none existed before. Accordingly, a direct action statute does not
          create a right of action where no liability otherwise exists under
11        the contract of insurance. Hence, it is necessary that the claimant
          be able to show a tort liability of the insured to him or her before
12        the claimant can recover from the insured's insurer. <u>Capital</u>
          <u>Insurance and Surety Company, Inc. v. Kelley</u>, 361 F.2d 567, 570
13        (9th Cir. 1966) citing Couch on Insurance §104.27.

14        The Court notes that this is not a case in which the plaintiff cannot have his day in court.

15  The plaintiff is proceeding in the Superior Court of Guam against the Government of Guam.

16  Liability can be found and the insurer can be made to pay. However, this Court is opposed to

17  granting third party claimants more rights against the insurer than he would have against the

18  actual tortfeasor. Additionally, the Court agrees with National Union that it makes sense that the

19  insurer and insured are included in the same lawsuit so as to avoid the risk of inconsistent

20  outcomes as to liability and/or coverage. Accordingly, the Court finds that in this instance,

21  National Union's motion should be granted.

22  ///

23  ────────────────────────

24        [2]The Court is aware of other jurisdictions' holdings that an insurer is not entitled to the
    defenses that are personal to the insured. This Court questions whether such a broad reading is contrary
25  to the true intent of the direct action statute. As noted herein, the intent of the statute is to provide third
    parties the right to obtain recovery against an insurer where recovery would have been possible against
26  the insured but for the fact that obtaining jurisdiction was difficult or impossible. To require the insurer
    to be liable where no liability can be found or imposed upon the insured goes towards establishing a
27  public policy of making the insurer liable where none was intended. Such a policy will ultimately be at
    the expense of the public. At this time the Court is not prepared to reach that kind of decision.
28

1

## III. CONCLUSION

2       Based upon the foregoing, the Court finds that the defendant, National Union of Guam,

3   cannot be found liable where its insured cannot.   Accordingly, the Court GRANTS the

4   defendant's Motion to Dismiss without Prejudice.

5       IT IS SO ORDERED this ____ day of April, 2004.

6

7

8   _____
                JOHN S. UNPINGCO
9                District Judge

10

11

12

13      I do hereby certify that the forego:_
        _s a full true and correct copy of th_
14      original on file in the office of the
        clerk of the Superior Court of Guam
        Dated at Hagåtña, Guam
15
                JUL 1 0 2006
16
17      Teresita S. Perez

18

19

20

21

22      Notice is hereby given that this document was
23      entered on the docket on __APR 2 7 2004__.
        No separate notice of entry on the docket will
24      be issued by this Court.
                Mary L. M. Moran
25          Clerk, District Court of Guam

26      By: _____   APR 2 7 2004

27         Deputy Clerk        Date

28

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and ) GEORGE L. WATSON, ) ) Plaintiffs, ) vs. ) ) GARRY M. PASCOE, AMERICAN ) HOME ASSURANCE COMPANY, ) and DOE DEFENDANTS 1 – 10, ) ) Defendants. ) _____ ) | CIVIL CASE NO. CV0318-02 STIPULATION TO HAVE HEARING DATE FOR PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ORDER |

### STIPULATION TO HAVE HEARING DATE FOR PLAINTIFFS'
### MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

It is hereby stipulated by and among the parties hereto, through their

respective attorneys of record, and subject to the approval of this Court, that the

hearing date for Plaintiffs' Motion for Leave to File First Amended Complaint be

set for November 16, 2004, at 1:30 p.m., which is the same time that the hearing

for Defendants' Motion for Summary Judgment has been scheduled. The parties

agree that the amended allegations in the proposed First Amended Complaint

have already been briefed in the briefing filed for Defendants' Motion for

Summary Judgment and that any decision on that motion would be a decision on

the allegations in the Complaint and the proposed First Amended Complaint; and

even if the proposed First Amended Complaint is allowed, there is no need to

postpone the hearing on Defendants' Motion for Summary Judgment.

Accordingly, the parties agree that it would be appropriate to consider Plaintiffs'

Motion for Leave to File First Amended Complaint at the same time as

Defendants' Motion for Summary Judgment.

Dated: Hagatna, Guam, _____.


_____
Wayson W. S. Wong
Attorney for Plaintiffs


_____
Terence E. Timblin
Attorney for Defendants Garry M. Pascoe
and American Home Assurance Company


APPROVED AND SO ORDERED:

_____
Hon. Michael J. Bordallo
Judge of the Above-Entitled Court

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez
Clerk of the Superior Court of Guam

Stipulation to Have Hearing Date for Plaintiffs' Motion for Leave to File First
Amended Complaint; Order, Watson, et al. v. Pascoe, et al., Superior Court of
Guam, Civil Case No. CV10318-02

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and ) <br> GEORGE L. WATSON, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> GARRY M. PASCOE, AMERICAN ) <br> HOME ASSURANCE COMPANY, ) <br> and DOE DEFENDANTS 1 – 10, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL CASE NO.  CV0318-02 <br> <br> STIPULATION TO HAVE <br> HEARING DATE FOR PLAINTIFFS' <br> MOTION FOR LEAVE TO FILE <br> FIRST AMENDED COMPLAINT <br> AND ORDER |

### STIPULATION TO HAVE HEARING DATE FOR PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

It is hereby stipulated by and among the parties hereto, through their

respective attorneys of record, and subject to the approval of this Court,  that the

hearing date for Plaintiffs' Motion for Leave to File First Amended Complaint be

set for November 16, 2004, at 1:30 p.m., which is the same time that the hearing

for Defendants' Motion for Summary Judgment has been scheduled.  The parties

agree that the amended allegations in the proposed First Amended Complaint

have already been briefed in the briefing filed for Defendants' Motion for

Summary Judgment and that any decision on that motion would be a decision on

the allegations in the Complaint and the proposed First Amended Complaint; and

COPY

even if the proposed First Amended Complaint is allowed, there is no need to

postpone the hearing on Defendants' Motion for Summary Judgment.

Accordingly, the parties agree that it would be appropriate to consider Plaintiffs'

Motion for Leave to File First Amended Complaint at the same time as

Defendants' Motion for Summary Judgment.

Dated: Hagatna, Guam, _____.


_____
Wayson W. S. Wong
Attorney for Plaintiffs


_____
Terence E. Timblin
Attorney for Defendants Garry M. Pascoe
and American Home Assurance Company


APPROVED AND SO ORDERED:


_____
Hon. Michael J. Bordallo
Judge of the Above-Entitled Court

do hereby certify that the foregoing
s a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez
Clerk, Superior Court of Guam

Stipulation to Have Hearing Date for Plaintiffs' Motion for Leave to File First
Amended Complaint; Order, Watson, et al. v. Pascoe, et al., Superior Court of
Guam, Civil Case No. CV10318-02

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and ) <br> GEORGE L. WATSON, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> GARRY M. PASCOE, AMERICAN ) <br> HOME ASSURANCE COMPANY, ) <br> and DOE DEFENDANTS 1 – 10, ) <br> ) <br> Defendants. ) | CIVIL CASE NO. CV0318-02 <br><br> STIPULATION TO HAVE <br> HEARING DATE FOR PLAINTIFFS' <br> MOTION FOR LEAVE TO FILE <br> FIRST AMENDED COMPLAINT <br> AND ORDER |

## STIPULATION TO HAVE HEARING DATE FOR PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

It is hereby stipulated by and among the parties hereto, through their

respective attorneys of record, and subject to the approval of this Court, that the

hearing date for Plaintiffs' Motion for Leave to File First Amended Complaint be

set for November 16, 2004, at 1:30 p.m., which is the same time that the hearing

for Defendants' Motion for Summary Judgment has been scheduled. The parties

agree that the amended allegations in the proposed First Amended Complaint

have already been briefed in the briefing filed for Defendants' Motion for

Summary Judgment and that any decision on that motion would be a decision on

the allegations in the Complaint and the proposed First Amended Complaint; and



even if the proposed First Amended Complaint is allowed, there is no need to

postpone the hearing on Defendants' Motion for Summary Judgment.

Accordingly, the parties agree that it would be appropriate to consider Plaintiffs'

Motion for Leave to File First Amended Complaint at the same time as

Defendants' Motion for Summary Judgment.

Dated: Hagatna, Guam, _____.


Wayson W. S. Wong
Attorney for Plaintiffs


Terence E. Timblin
Attorney for Defendants Garry M. Pascoe
and American Home Assurance Company


APPROVED AND SO ORDERED:


Hon. Michael J. Bordallo
Judge of the Above-Entitled Court

do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Barrett

Stipulation to Have Hearing Date for Plaintiffs' Motion for Leave to File First
Amended Complaint; Order, Watson, et al. v. Pascoe, et al., Superior Court of
Guam, Civil Case No. CV10318-02

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and ) GEORGE L. WATSON, ) ) Plaintiffs, ) vs. ) ) GARRY M. PASCOE, AMERICAN ) HOME ASSURANCE COMPANY, ) and DOE DEFENDANTS 1 – 10, ) ) Defendants. ) ) | CIVIL CASE NO. CV0318-02 STIPULATION TO HAVE HEARING DATE FOR PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ORDER |

STIPULATION TO HAVE HEARING DATE FOR PLAINTIFFS'
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

It is hereby stipulated by and among the parties hereto, through their

respective attorneys of record, and subject to the approval of this Court, that the

hearing date for Plaintiffs' Motion for Leave to File First Amended Complaint be

set for November 16, 2004, at 1:30 p.m., which is the same time that the hearing

for Defendants' Motion for Summary Judgment has been scheduled. The parties

agree that the amended allegations in the proposed First Amended Complaint

have already been briefed in the briefing filed for Defendants' Motion for

Summary Judgment and that any decision on that motion would be a decision on

the allegations in the Complaint and the proposed First Amended Complaint; and

even if the proposed First Amended Complaint is allowed, there is no need to

postpone the hearing on Defendants' Motion for Summary Judgment.

Accordingly, the parties agree that it would be appropriate to consider Plaintiffs'

Motion for Leave to File First Amended Complaint at the same time as

Defendants' Motion for Summary Judgment.

Dated: Hagatna, Guam, _____.


_Wayson W. S. Wong_
Wayson W. S. Wong
Attorney for Plaintiffs


Terence E. Timblin
Attorney for Defendants Garry M. Pascoe
and American Home Assurance Company


APPROVED AND SO ORDERED:

do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna Guam

JUL 1 0 2006

Teresita S. Perez

_____
Hon. Michael J. Bordallo
Judge of the Above-Entitled Court


Stipulation to Have Hearing Date for Plaintiffs' Motion for Leave to File First
Amended Complaint; Order, Watson, et al. v. Pascoe, et al., Superior Court of
Guam, Civil Case No. CV10318-02

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

SHAUNANNETTE D. WATSON and )
GEORGE L. WATSON, )
         )
           Plaintiffs, )
      vs. )
         )
GARRY M. PASCOE, AMERICAN )
HOME ASSURANCE COMPANY, )
and DOE DEFENDANTS 1 – 10, )
         )
         Defendants. )
_____ )

CIVIL CASE NO. CV0318-02

STIPULATION TO HAVE
HEARING DATE FOR PLAINTIFFS'
MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
AND ORDER

## STIPULATION TO HAVE HEARING DATE FOR PLAINTIFFS'
## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

It is hereby stipulated by and among the parties hereto, through their

respective attorneys of record, and subject to the approval of this Court, that the

hearing date for Plaintiffs' Motion for Leave to File First Amended Complaint be

set for November 16, 2004, at 1:30 p.m., which is the same time that the hearing

for Defendants' Motion for Summary Judgment has been scheduled. The parties

agree that the amended allegations in the proposed First Amended Complaint

have already been briefed in the briefing filed for Defendants' Motion for

Summary Judgment and that any decision on that motion would be a decision on

the allegations in the Complaint and the proposed First Amended Complaint; and

even if the proposed First Amended Complaint is allowed, there is no need to

postpone the hearing on Defendants' Motion for Summary Judgment.

Accordingly, the parties agree that it would be appropriate to consider Plaintiffs'

Motion for Leave to File First Amended Complaint at the same time as

Defendants' Motion for Summary Judgment.

Dated: Hagatna, Guam, _____.


_____
Wayson W. S. Wong
Attorney for Plaintiffs


_____
Terence E. Timblin
Attorney for Defendants Garry M. Pascoe
and American Home Assurance Company


APPROVED AND SO ORDERED:


_____
Hon. Michael J. Bordallo
Judge of the Above-Entitled Court

do hereby certify that the foregoing
s a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatña, Guam

JUL 1 0 2006

Teresita S. Perez

Stipulation to Have Hearing Date for Plaintiffs' Motion for Leave to File First
Amended Complaint; Order, Watson, et al. v. Pascoe, et al., Superior Court of
Guam, Civil Case No. CV10318-02

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs



SUPERIOR COURT
OF GUAM

201 NOV 1 ...

CLERK OF COURT
BY

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>GARRY M. PASCOE, AMERICAN HOME ASSURANCE COMPANY, and DOE DEFENDANTS 1 – 10,<br><br>    Defendants. | CIVIL CASE NO. CV 0318-02<br><br>PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; EXHIBITS "A – D"; CERTIFICATE OF SERVICE<br><br>Prop. Hrg. Date: November 16, 2004<br>Time:    1:30 p.m.<br>Judge:   Hon. Michael J. Bordallo |

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR LEAVE TO FILE FIRST AMENDED COMPALINT</u>

I.  INTRODUCTION

  Plaintiffs Shaunannette D. Watson and George L. Watson (collectively, the "Watsons"), by and through their attorney, Wayson W. S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional Corporation, reply to defendants' Opposition to Plaintiff's Motion for Leave to File First Amended Complaint.

  Subject to this Court's approval, the Watsons and the defendants have stipulated in writing that this Court may hear Plaintiffs' Motion for Leave to File First Amended Complaint filed November 3, 2004 ('motion to amend"), at the same time defendants' Motion for Summary Judgment is scheduled for hearing. That scheduled hearing is for Tuesday, November 16, 2004, at 1:30 p.m. The Stipulation to Have Hearing Date for

**ORIGINAL**

