Plaintiffs' Motion for Leave to File First Amended Complaint has been filed with this reply memorandum and is pending decision by this Court.

The proposed first Amended Complaint merely seeks to allege that the United States has been an additional insured under the liability insurance policy involved, and on that additional basis, defendant American Home is liable to the plaintiffs for their injuries and damages.

II.    DISCUSSION

The only opposition to plaintiffs' motion to amend raised by defendants is that the proposed First Amended Complaint is futile "[a]s more fully set forth in Part I of the Reply Memorandum in Support of Defendants' Motion for Summary Judgment..." filed on November 5, 2004. The defendants contended that the claim against the United States is barred by 28 U.S.C. § 2401(b). The Watsons strongly disagree. The subsequent discussion clearly shows that their amendments are not futile because their claim against the United States is not barred; and thus, pursuant to the law and the facts, their proposed First Amended Complaint should be allowed.

Since defendants incorporated arguments that any right or claim rests solely with the Federal Government (their argument under the referenced Part I of their Reply Memorandum In Support of Defendants' Motion for Summary Judgment), the Watsons will explain why that is not correct in this case.

The defendants have relied on 28 U.S.C. § 2679 to support their contention that defendant Garry Pascoe ("defendant Pascoe") is not liable to the Watsons and only the United States could be liable to them. However, upon a careful reading of that statute, one can see that in order for defendant Pascoe to obtain such protection, he had to fulfill certain requirements (give the Complaint and the Summons for this case to the Federal Government, i.e., tender his defense to it). There is nothing in the record of this case that indicates that he did that. If he failed to do that, he would be subject to liability to the Watsons. *See* 28 U.S.C. § 2679, *Tassin v. Neneman*, 766 F.Supp. 974 (D. Kan. 1991) and *Jarrell v. Gordy*, 162 So.2d 577 (La. App. 1964). For this Court's convenience, counsel has attached copies of that statute and those cases to this reply memorandum as Exhibits "A – C", respectively. In other words, Mr. Pascoe lost his so

called immunity because he never sought and obtained it, or at least there are genuine issues of material facts as to that.

Returning to defendants' contention that any claim against the United States would be barred, the well written case of *Staple v. United States*, 740 F.2d 766 (9th Cir. 1984) refutes that contention. For this Court's convenience, a copy of that case is attached as Exhibit "D". As indicated, *Staple* is a Ninth Circuit case construing the Federal law involved in this case, and since our Supreme Court, and indirectly, this Court, is still under the supervision of the 9th Circuit, due deference should be given to its construction of the same Federal law before this Court.

The facts of *Staple* are remarkably similar to this case. The plaintiff in that case was injured by a Federal employee as a result of a traffic accident. She sued that employee in state court on July 22, 1980. She also filed an administrative claim with the Federal agency on October 9, 1980. She further sued the employee and the Federal agency (U.S. Postal Service) in Federal court. However, the latter suit was dismissed because she had failed to name the United States as a defendant. The Watsons sued the Federal employee in the Guam court and filed an administrative claim with the Federal agency.

Eventually, that plaintiff served the Federal employee, like the Watsons have served defendant Pascoe in this case. But apparently, unlike defendant Pascoe, the Federal employee in that case submitted the Summons and Complaint to the Federal Government; and the Attorney General certified that he was acting in the scope of employment at the time of the accident. Accordingly, that case was removed to the United States District Court. Arguably, if defendant Pascoe did that in this case, as 28 U.S.C. § 2679 and the *Tassin* and *Jarrell* cases require him to do, the Attorney General may or may not certify him as being in the scope of employment at the time of the accident. As Lt. Col. McCune's August 19, 2002 letter indicated, the U. S. Air Force questioned whether defendant Pascoe was in the scope of his employment. *See* Exhibit "C" to Plaintiffs' Memorandum In Opposition to Defendants' Motion for Summary Judgment filed on November 3, 2004.

The United States then, like the defendants in this case, tried to dismiss the case on the ground that Staple had not submitted her claim to the Federal agency before

filing her state court suit. The district court granted the Government's motion to dismiss. The Ninth Circuit reversed that decision. It held that the exhaustion of administrative remedies requirement under 28 U.S.C. § 2675(a) did not apply to state court suits against the individual Federal employee, as is the case for this case. However, the Ninth Circuit also addressed the statute of limitations issue with respect to the same 28 U.S.C. § 2401(b) raised by the defendants in that case. By the time, the *Staple* case had been removed to the Federal court from the state court, the six month period within which to bring suit against the United States had elapsed, just like it has in this case. The Government argued that the case was time barred, just like the defendants have argued in this case. The Ninth Circuit disagreed. It held that the original date of filing of the state court lawsuit should be effective under both state and Federal law.

Thus, if defendant Pascoe submits the Summons and Complaint for this case to the Federal Government, as he is required to do under 28 U.S.C. § 2679 and the *Tassin* and *Jarrell* cases, and the Attorney General certifies that he acted in the scope of his employment, under the controlling case of *Staple*, the Watsons' claims against the United States would be timely. The Ninth Circuit held, in applying 28 U.S.C. § 2401(b)[1] (the Federal statute of limitations for tort cases) to 28 U.S.C. § 2679 (portions of the Federal Drivers' Act):

> The place of filing may be state court for the purpose of applying section 2401(b) to the certification and removal procedure of the Drivers Act. *Id.* Staple's action is therefore timely.

*Staple v. United States*, 740 F.2d at 769 – 770.

Thus, since Staple's' action was timely when she had filed her claim in state court within the two year or two year plus the designated six months of 28

---

[1] § 2401. Time for commencing action against United States

\* \* \*

(b) a[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

U.S.C. § 2401(b), even though she had filed it before her administrative claim to the Federal Agency, even when the United States had certified the Federal employee's scope of employment and removed that state court case to the Federal Court well after the limitation periods in 28 U.S.C. § 2401(b), the Watsons' claims against the United States would be timely, if an when defendant Pascoe fulfills his requirement to give the Summons and Complaint for this case to the United States, the Attorney General certifies him as being in the scope of employment at the time of the accident and removes this case to the Federal court. If he fails to do that, or the Attorney General declines to certify him, he should be liable to the Watsons in this case.

Indeed, the Watsons' amendment supports a very viable claim and the case against both defendant Pascoe and the United States is still very viable.

III.    CONCLUSION

By reason of the foregoing, the Watsons respectfully ask this Court to grant Plaintiffs' Motion for Leave to File First Amended Complaint.

Dated:  Hagatna, Guam, November 10, 2004.


Wayson W. S. Wong
Wayson W. S. Wong
Attorney for Plaintiffs

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 8 2006

Teresita S. Perez
Clerk Superior Court of Guam

LEXSTAT 28 USC 2679

UNITED STATES CODE SERVICE
Copyright © 2004 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 108-358, APPROVED 10/22/04 ***
*** WITH A GAP OF 108-357 ***

TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART VI. PARTICULAR PROCEEDINGS
CHAPTER 171. TORT CLAIMS PROCEDURE

**GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

*28 USCS § 2679 (2004)*


Review expert commentary from The National Institute for Trial Advocacy

§ 2679. Exclusiveness of remedy

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

(b) (1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.
  (2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government--
    (A) which is brought for a violation of the Constitution of the United States, or
    (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

(d) (1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.


(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

(3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of *Rule 4(d)(4) of the Federal Rules of Civil Procedure.* In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

(4) Upon certification, any action or proceeding subject to paragraph (1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

(e) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect.

**HISTORY:** (June 25, 1948, ch 646, § 1, 62 Stat. 984; Sept. 21, 1961, P.L. 87-258, § 1, 75 Stat. 539; July 18, 1966, P.L. 89-506, § 5(a), 80 Stat. 307; Nov. 18, 1988, P.L. 100-694, § § 5, 6, 102 Stat. 4564.)



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagatna, Guam.

JUL 1 0 2006

Teresita S. Perez

**JAMES E. TASSIN, Plaintiff, v. JAMES E. NENEMAN, Defendant**

**Civil Action No. 87-2591-V**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

*766 F. Supp. 974; 1991 U.S. Dist. LEXIS 9080*

**June 3, 1991, Decided**
**June 3, 1991, Filed**

## COUNSEL:

[**1]  Craig J. Altenhofen, Harper, Hornbaker & Altenhofen, Chtd., Junction City, Kansas, for Plaintiff.

Paul P. Hasty, Jr., Jeffrey L. Lauersdorf, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kansas, for Defendant.

## JUDGES:

G. T. Van Bebber, United States District Judge.

## OPINIONBY:

VAN BEBBER

## OPINION: [*974] MEMORANDUM AND ORDER

G. T. VAN BEBBER, United States District Judge.

This matter is before the court on defendant's motion for summary judgment (Doc. 52). Plaintiff has requested oral argument on the motion, but the court has determined that oral argument would not assist the court in reaching its decision, and the request is therefore denied. D. Kan. 206(d).  The defendant moves for summary judgment on the assertion that plaintiff's claims are barred by the Federal Drivers Act, 28 U.S.C. § 2679(b), or by plaintiff's failure to exhaust the administrative remedies provided by the Federal Employees Compensation Act, 5 U.S.C. § § 8101 et seq.

Although his grounds for summary judgment are legal, rather than factual, the defendant is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists, and [*975] that summary judgment is proper as a matter of law. Fed. R.

Civ. P. 56(c); *Maughan v. SW Servicing, Inc., 758 F.2d 1381, 1387 (10th Cir. 1985).*

[**2]  The facts are not disputed. On August 10, 1987, defendant was involved in a motor vehicle/pedestrian accident on the military base at Ft. Riley, Kansas. Defendant was behind the wheel of a vehicle which struck the plaintiff, Sgt. James E. Tassin. The plaintiff was on active duty at the time of the accident and was participating in a physical training exercise.  The defendant, an Army lieutenant on active duty status, was going to a staff meeting. The plaintiff brought this personal injury action against the defendant, and has since died from his injuries. Summary judgment was entered by the court (by Judge Saffels) based on the military immunity rule recognized in *Feres v. United States, 340 U.S. 135, 71 S. Ct. 153, 95 L. Ed. 152 (1950).* Judge Saffels' decision was reversed by the Tenth Circuit Court of Appeals, which found that *Feres* did not apply to the case. *Durant v. Neneman, 884 F.2d 1350 (10th Cir. 1989), cert. denied sub nom. Neneman v. Tassin, 493 U.S. 1024, 110 S. Ct. 728, 107 L. Ed. 2d 747 (1990).* The defendant's present motion for summary judgment primarily rests on his alleged [**3]  immunity to tort liability under the Federal Drivers Act.

The Federal Drivers Act immunizes government employees from tort liability for acts committed within the scope of their employment. *28 U.S.C. § 2679(b); Carr v. United States, 422 F.2d 1007 (4th Cir. 1970); Brown v. Anderson, 430 F. Supp. 337 (W.D. Okla. 1976).* The plaintiff argues that the Tenth Circuit decision included a finding that the defendant was acting outside the scope of his employment. In plaintiff's opposition, in *Durant v. Neneman, however, the Tenth Circuit the defendant's "military action" and immunity under the *Feres*

-JUL 10 2006

I do hereby certify that the foregoing
Clerk of the Superior Court of Guam

Teresita S. Perez



766 F. Supp. 974, *; 1991 U.S. Dist. LEXIS 9080, **

Page 2

doctrine, not whether he was acting within the scope of his employment. *Durant, 884 F.2d at 1354.*

The parties view the issue as simply a question of whether the defendant was within the scope of his employment when the accident occurred and, thus, whether or not the Act applies. The court, however, finds that defendant Neneman lacks standing to raise the immunity defense. The relevant portion of the Federal Drivers Act, as it now appears, states that:

> (b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title [**4] for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim . . . .

> (c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. *The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him* or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish such copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of the employing federal agency.

> (d)(1) [**5] Upon certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any civil action or proceeding commenced upon such a claim in a United States District court shall be deemed an action against the United States under the provisions of this title and all references thereto. . . .

*28 U.S.C. § 2679(b)(1), (c) & (d)(1) (as amended and made effective by Act Nov. [*976] 18, 1988, P.L. 100-694, § 8, 102 Stat 4565) (emphasis added).*

Defendant argues that section 2679(b) insulates him from liability because the remedies it mentions, provided by sections 1346(b) and 2672, are exclusive. This argument overlooks the obvious fact that plaintiff did not pursue those remedies, and defendant failed to preserve his own immunity.

Sections 2672 and 1346(b) address, respectively, administrative adjustment of claims *against the United States*, and the exclusive federal district court jurisdiction over claims brought *against the United States* under section 2671 *et seq.* This action was not brought against the United States; it was brought against the employee. Section 2679(b) allows the employee [**6] to refer the case to the attorney general, and upon certification that the employee was acting within the scope of his employment, the government will step in and take the employee's place as the defendant. The action would then become a claim against the United States, and section 2679(b) would then prevent later proceedings against the employee. Because these steps were not followed, and the time limit imposed by the statute had expired, n1 the claim cannot become one against the United States, and plaintiff's only remedy is against the employee.

> n1 The act requires the employee to deliver all process served upon him to his supervisors or other designated person, and this must be done within the time determined by the Attorney General, which apparently means that the employee must "promptly" deliver the process, and "immediately" notify his superiors. *See 28 C.F.R. § 15.1.*

The language of section 2679(c) unmistakably requires the employee to deliver all process served upon him to his superiors within the deadlines [**7] established by the Attorney General, as a prerequisite to certification and immunity. This requirement allows the Attorney General to review the case and decide whether to issue the certification, waiving the government's sovereign immunity, and proceed with the substitution of the government as the defendant. Only after the government has been substituted does the action become one against the United States, and because it is an action against the United States, it triggers the immunity conferred by section 2679(b). *See Meeker v. United States, 435 F.2d 1219, 1222 (8th Cir. 1970)* (Although case involved removal to federal court, the exclusivity of remedies provision of section 2679(b) is effectuated

 

766 F. Supp. 974, *; 1991 U.S. Dist. LEXIS 9080, **

Page 3

under section (d), upon certification by the United States Attorney).

In the present case, the defendant failed to obtain the attorney general's certification, and thus failed to obtain immunity under the Federal Drivers Act. There is no indication that the defendant has even attempted to meet the minimal delivery of process requirements of *28 U.S.C. § 2679*(c). Immunity under the Act depends upon the Attorney General's certification that the employee was within the [**8] scope of his employment, and Congress delegated the authority to make that determination to the Attorney General. *See Aviles v. Lutz, 887 F.2d 1046, 1048-50 (10th Cir. 1989) (disagreed with by multiple cases as stated in Springer v. Bryant, 897 F.2d 1085 (11th Cir. 1990)* (noting split among circuits on question whether Attorney General's scope determination is subject to judicial review)). It is the defendant's own failure to comply with the requirements of section 2679(c) which has prevented a the Attorney General's determination whether he was within the scope of his employment, and we read the statute to preclude the court from making that determination.

Although other courts have found that the exclusivity provision is absolute, and that the only remedy is against the United States, we cannot read the statute to support that interpretation. That interpretation would write the certification and forwarding of process papers requirements completely out of the statute and would allow the employee to ignore the section (c) requirements, and thus to profit by his failure to comply with the statutory requirements. *See Wollman v. Gross, 637 F.2d 544 (8th Cir. 1980),* [**9] *reh'g denied, 646 F.2d 1306 (8th Cir. 1981), cert. denied,* 454 [*977] *U.S. 893, 102 S. Ct. 389, 70 L. Ed. 2d 207 (1981); Fancher v. Baker, 240 Ark. 288, 399 S.W.2d 280 (1966); citing Perez v. United States, 218 F. Supp. 571 (S.D.N.Y. 1963).* We believe that the defendant's failure to fulfill the requirements of the Federal Drivers Act precludes him from sua sponte claiming immunity under the Act. *See Rheams v. Bankston, Wright & Greenhill, 756 F. Supp. 1004 (W.D. Tex. 1991); Streeper v. U.S., 1988 U.S. Dist. LEXIS 6468 (E.D. Pa. 1988); Brennan v. Fatata, 78 Misc. 2d 966, 967, 359 N.Y.S.2d 91, 92 (1974)* ("It is

implicit in the statute that if the defendants do not turn over their suit papers or if the Attorney General does not certify to their being in the scope of Federal employment, the State action continues against the defendants personally."); *cited with approval in Kelley v. United States, 568 F.2d 259, 264-65 (2d Cir. 1978), cert. denied, 439 U.S. 830, 99 S. Ct. 106, 58 L. Ed. 2d 124 (1978).* [**10] The court is convinced that the defendant has failed to satisfy the statutory prerequisites, in effect waiving the immunity granted by the Act, and therefore the immunity defense is invalid. We find no basis for summary judgment.

The defendant's second argument is that plaintiff may not pursue this action because he has failed to exhaust the administrative remedies provided by the Federal Employees' Compensation Act, *5 U.S.C. § § 8101 et seq.* We do not agree. Simply put, that Act does not apply to these parties. Consequently, plaintiff had no remedy to exhaust. The Act applies to certain federal employees, but military officers and military personnel are conspicuously absent from the list of those employees covered by the Act. *5 U.S.C. § 8101*(1). Defendant has cited no cases holding that the Act applies to military employees, and the court has found no such authority. *See Sims Motor Transport Lines, Inc. v. Foster, 293 S.W.2d 226 (Ky. 1956)* (sergeant in United States Army not "employee" as defined by predecessor of *5 U.S.C. § 8101).*

The court therefore finds that neither defense is legally sufficient to support summary judgment. Unresolved issues of fact remain [**11] for trial, and summary judgment is therefore inappropriate.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 52) is denied.

Copies of this order shall be mailed to all counsel of record for the parties.

IT IS SO ORDERED.

Dated at Kansas City, Kansas this 3rd day of June, 1991.



**Johnnie Howel JARRELL, Plaintiff, v. Joseph Wilmer GORDY et al., Defendants.
ALLSTATE INSURANCE COMPANY, Third-Party Plaintiff-Appellant, Eugene R.
COFFEY, Third-Party Defendant-Appellee**

No. 1087

Court of Appeal of Louisiana, Third Circuit

*162 So. 2d 577; 1964 La. App. LEXIS 1496*

March 24, 1964

**SUBSEQUENT HISTORY:** [**1]

Dissenting Opinion March 26, 1964. Rehearing Denied April 21, 1964.

**LexisNexis(R) Headnotes**

**COUNSEL:**

Gold, Hall & Skye, by Jimmy M. Stoker, Alexandria, for defendant-third-party plaintiff-appellant.

O. L. Stewart, Asst. U.S. Atty., Shreveport, for defendant-third-party appellee.

Gravel, Sheffield & Fuhrer, by James S. Gravel, Alexandria, for defendants-appellees.

Hall & Coltharp, by H. O. Lestage, III, De Ridder, for plaintiff-appellee.

**JUDGES:**

Before TATE, CULPEPPER and HOOD, JJ.

TATE, J., dissents from the reversal of the trial court and assigns written reasons.

TATE, J., dissents from denial of rehearing and assigns written reasons.

**OPINIONBY:**

HOOD

**OPINION:**

[*578] HOOD, Judge. This is a tort action instituted by Johnnie Howel Jarrell against Joseph Wilmer Gordy and his wife, Lela J. Gordy, and against Mr. Gordy's public liability insurer, Allstate Insurance Company. Plaintiff claims damages for personal injuries allegedly sustained by him as the result of a collision between an automobile being driven by Mrs. Gordy and a truck owned by the United States Government and being driven by Sergeant Eugene R. Coffey, a member of the United States Army. Plaintiff Jarrell was riding as a passenger in the government-owned [**2] truck at the time of the accident.

Answers were filed by all of the defendants denying negligence on the part of Mrs. Gordy. Allstate Insurance Company, one of the defendants, also filed a third party demand against Coffey, the driver of the truck in which plaintiff was riding, alleging that the accident resulted wholly or partially from the negligence of Coffey, and demanding in the event Allstate is held to be liable to plaintiff that judgment be rendered in its favor and against Coffey for one-half the amount of that judgment.

Coffey thereupon filed a motion to dismiss the third party petition, a motion for summary judgment dismissing the third party action against him, and an exception of no cause and no right of action. All of these pleadings are based on allegations that at the time the accident occurred Sergeant Coffey was an employee of the United States Government and he was acting within the scope of his employment. He contends that under these circumstances he is immune to suit, and that the third party plaintiff's exclusive remedy, if any it has, would be a suit against the United States under the

I do hereby certify that the forego... is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

JUL 1 0 2006

Teresita S. Perez



provisions of the Federal Tort Claims Act *(28 U.S.C. § 1346*(b) and§ § 2671 -- 2680). [**3] He relies specifically upon the provisions of subsection (b) of Section 2679, Title 28 of the United States Code.

Coffey is represented in this proceeding by the United States District Attorney for the Western District of Louisiana. It is made clear in the written briefs submitted by counsel, in their oral arguments and by the pleadings, however, that the motions and the exception in this suit were filed in behalf of Coffey, individually, and that the 'Federal Government is Not a party to this litigation at this stage of the proceeding.'

A hearing was held on the motion to dismiss and on the motion for summary judgment, and the matter was held open after that hearing to allow the mover to supply affidavits that Coffey was within the scope of his employment. Within the time allowed for that purpose Coffey filed in the record two affidavits, in one of which the 'Post Quartermaster' stated that both Sergeant Coffey and plaintiff were within the scope of their employment when the accident occurred. The other affidavit was executed by Coffey himself, and is to the effect that he was acting within the scope of his employment at that time.

On this evidence the trial court granted Coffey's [**4] motion for summary judgment, and judgment was rendered dismissing the third party petition filed by Allstate. Allstate has appealed from that judgment.

[*579] The principal legal question presented on this appeal is whether Sergeant Coffey, on his own motion filed in the State trial court and upon showing that he was acting within the scope of his employment, is entitled to a summary judgment in that court dismissing the third party action which has been instituted against him on the ground that he is immune from suit under the provisions of *28 U.S.C.A. § 2679*(b). The trial judge, apparently feeling that he is immune to such a suit, rendered judgment dismissing the third party action, even though the United States has not accepted responsibility, it has not declared Coffey to be immune and the United States has not been substituted for him as a party to the action. The appellant, Allstate, contends that Coffey is not entitled to a dismissal of the third party demand by the State Court on that ground, but that his sole and only remedy is to have the case removed to the United States District Court under the provisions of *28 U.S.C.A. § 2679*(d), thereby Substituting the [**5] United States for himself as the third party defendant.

The resolution of this question requires an interpretation of the provisions of Section 2679, Title 28 of the United States Code, as that section was amended on September 21, 1961 (Pub.L. 87 -- 258; 75 Stat. 539). All counsel agree that this question is res nova.

The pertinent portions of this section of the United States Code, as amended, read as follows:

's 2679. Exclusiveness of remedy

'(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

'(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver [**6] within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

'(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before [**7] a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.'

[*580] Under the provisions of *28 U.S.C.A. § 1346*(b) the United States District Courts have exclusive jurisdiction of civil actions against the United States for damages for personal injury caused by the negligent act of any employee of the Government while acting within the scope of his employment. And *28 U.S.C.A. § 2674* provides that 'The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a

 

private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.'

We agree with counsel for Coffey that the purpose of the 1961 amendments to Section 2679 is to relieve the government employee, acting within the scope of his employment, from personal liability and from the expense of providing private liability insurance or of defending suits for damages which may be instituted against him. Also, we agree that the [**8] provisions of subsection (b) of Section 2679, Title 28, considered alone and without reference to the subsections which follow it, may be logically interpreted to mean that a government employee is entitled to a judgment of dismissal in the State Court upon showing that he was acting within the scope of his employment. We think subsection (b) takes on a somewhat different meaning, however, when it is read or considered with the other provisions of that Section, as amended in 1961. Subsection (d) provides the procedure which we think must be followed in order to relieve the employee from liability when the suit is instituted against him in a State Court. That procedure is for the United States (through the Attorney General) to accept responsibility for the acts of the employee, and to have the case removed to the Federal Court, following which removal the proceedings against the employee are deemed a 'tort action brought against the United States under the provisions of this title and all references thereto.'

In this case no effort has been made by the United States District Attorney, by the Attorney General, by Sergeant Coffey or by anyone else to remove the case from the State [**9] Court to the Federal District Court, under the procedure set out in 28 U.S.C. § 2679(d). The Attorney General has not certified that the defendant employee was acting within the scope of his employment at the time of the accident out of which the suit arose, and the United States Government has not accepted the responsibility for the tort nor has it declared the alleged tortfeasor to be immune.

In *Gustafson v. Peck, 216 F.Supp. 370* (N.D.Iowa, W.D.1963), plaintiffs sued defendant in a State Court for damages arising out of a collision between a motor vehicle being driven by one of the plaintiffs and a vehicle being driven by the defendant, who at the time of the accident was within the scope of his employment as an employee of the United States Government. Upon petition of the United States the case was removed to the Federal District Court in accordance with the procedure provided in subsection (d) of Section 2679. Plaintiffs then filed a motion to remand the case to the State Court on the ground that the 1961 amendment to the Federal Tort Claims Act did not preclude their cause of action against the defendant employee. The United States

District Court denied plaintiffs' motion [**10] to remand, but in doing so it indicated that the employee is not immune unless and until the United States Government both Accepts the responsibility and Declares the tortfeasor immune, neither of which has been done in the instant suit. In the Gustafson case the court said:

'The remaining question is whether the Congress has now manifested its intent to immunize federal employees from suit eo nomine arising out of their negligent operation of motor vehicles in the scope of their federal employment and now intends that such suits shall be against the United States. Actually, these immunity statutes probably do not completely obliterate [*581] the liability of the individual tortfeasor, but at best there is no direct liability against such tortfeasor As long as the United States Government both accepts the responsibility for the tort and declared the tortfeasor immune. See *Gardner v. Panama Ry. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31.*

'On September 21, 1961, Amendments b through e to Section 2679 were adopted and approved. * * * These amendments deal directly with the present case. They grant immunity from personal liability to Federal employees which may arise out of [**11] their negligent operation of motor vehicles while in the scope of their Federal employment. These amendments also require the United States to remove any such action to the Federal Courts which may have been started in a State Court and that the action then becomes one exclusively against the United States with the individual employee immune from liability. Remand is only allowed when it is determined that the employee was not within the scope of his Federal employment at the time the tort was committed. This is the evident clear meaning of this statute. When this is true, there is no room for any other construction by the Court. * * *' (Emphasis added).

In *Perez v. United States, 218 F.Supp. 571* (S.D.New York, 1963), the suit was instituted originally in the United States District Court. The Government employee And the United States were named as parties defendant. The United States, agreeing that the employee was driving the government truck in the course of his employment by the United States, moved to have the action dismissed as to that employee, and that motion was granted. Since the Perez case was filed originally in the Federal District Court it was unnecessary to [**12] follow the procedure set out in subsection (d) of Section 2679, relative to the removal of the case from the State Court. Also, unlike the facts in the instant suit, the United States was a party defendant in that suit, it accepted responsibility for the acts of the employee, and plaintiffs were permitted to continue their action against the United States. The Perez case, therefore, serves as




authority only for the proposition that where an action based on the Federal Tort Claims Act is pending in the Federal District Court, and both the government employee and the United States are parties defendant in such suit, then the United States, upon accepting responsibility for the acts of the employee, may have the suit dismissed as to the employee. As we have already pointed out, the facts and issues in the instant suit are different from those presented in Perez v. United States.

Although the Perez case is not applicable to the instant suit, we note that in its opinion the court quoted excerpts from House Report No. 297, which report accompanied the 1961 amendments to Section 2679 when those amendments were being considered. We think this report shows that the amendment was intended [**13] to Require that the United States accept responsibility for the acts of its employee and that the case be removed from the State Court to the Federal District Court before the employee is relieved from liability. The following pertinent language was used in that report:

'Subsection (d) Requires that any such action brought in a State court Shall be removed before trial to the U.S. district court for the district and division for the place in which the action is pending. In the U.S. district court the proceedings are to be deemed a tort section (sic) against the United States under title 28. * * *' (Emphasis added). (218 F.Supp. 571, 574).

In Adams v. Jackel, 220 F.Supp. 764 (E.D.New York, 1963), plaintiff sued the United States in Federal District Court, and he filed a separate suit against the government employee In the State Court. Upon motion of the United States Attorney in the last-mentioned suit, which motion was [*582] accompanied by a certificate of that attorney to the effect that he was 'of the opinion' that the employee was acting within the scope of his employment, the suit instituted against the employee was removed from the State Court to the Federal District [**14] Court. The defendant employee in that suit then moved to have the suit dismissed as to him. The court denied the motion, however, because it found that the United States Attorney's 'certificate' was Not sufficient to 'convert the case into one against the United States.' In so ruling, the court said:

'The difficulty with granting the relief sought, however, is that even an unqualified certificate by the Attorney General -- and the present certificate falls far short of that and may not be borne out by evidence hereafter coming to the attention of the United States Attorney -- Does not with finality convert the case into one against the United States. * * * The reference back to subsection (b) and its further reference to 28 U.S.C. § 1346(b) indicate that the case must not merely be a

government motor vehicle case in which a proper Attorney General's certificate has been given. It must also be a case in which a remedy is 'available' under the Respondeat superior principle, that is, where in fact the employee was acting within the scope of his officer or employment and the exceptions of 28 U.S.C. § 2680 do not operate. * * * Until that issuable point of fact is set at rest [**15] with finality the case cannot be dismissed. * * *' (Emphasis added).

In the instant suit, as in Adams v. Jackel, the United States has not accepted responsibility for Coffey's actions and the case has not been converted into one against the United States. Also, a decision of the trial court or of this court that Coffey was or was not within the scope of his employment would not set that question at rest 'with finality.' If we should conclude, for instance, that Coffey was Not within the scope of his employment when the accident occurred, we presume that the case thereafter may still be removed to the Federal District Court under subsection (d), of Section 2679, and the proceedings would be continued with the United States substituted for the employee in the same manner as could have been done had we rendered no decision at all. On the other hand, if we should affirm the trial court's determination that Coffey Was within the scope of his employment, the United States may still defend any action which may hereafter be instituted against the United States, based on the same cause of action, on the ground that the employee was not within the scope of his employment.

The case of Uptagrafft [**16] v. United States, U.S. Court of Appeal, 4 Cir., 315 F.2d 200, which has been cited by counsel for Coffey, is inapplicable because the accident involved there occurred before the 1961 amendments to Section 2679 became effective. In commenting upon the 1961 amendments, however, the court said:

'* * * The express purpose of the amendments 'is to provide a method for the assumption by the Federal Government of responsibility for claims for damages against its employees arising from the operation by them of vehicles in the scope of their Government employment.' Behind it is the desire to protect the government driver from the ever-present danger of personal liability and relieve him of the expense of supplying private liability insurance. Senate Report, 87th Congress, 2d Sess. (Aug. 1961) U.S.Code Cong. & Adm. News, p. 2784.'

Although the issue presented here was not considered in any of the cases hereinabove cited, we think the language used in those cases indicates that a government employee who is named as defendant in a damage suit filed in a State Court cannot be relieved of liability on the ground that he is immune under 28 U.S.C.



§ 2679 (b) unless and until the United States [**17] accepts [*583] responsibility for the acts of the employee, by certifying that he was acting within the scope of his employment, and has the case removed to the Federal District Court as provided in *28 U.S.C. § 2679*(d). If that is done, the government employee is relieved of liability, but the plaintiff (in this case the third party plaintiff) is entitled to continue the suit, with the United States substituted for the employee as a party defendant.

Aside from the jurisprudence hereinabove cited, however, we think the language used in the 1961 amendment itself indicates that Congress did not intend for it to be applied as was done by the trial court in this case.

A fundamental rule of statutory construction is to ascertain and, if possible, to give effect to the intention or purpose of the Legislature as expressed in the statute. 82 C.J.S. Statutes § 321. There is a presumption that every word, sentence or provision was intended for some useful purpose, that some effect is to be given to each, and that no superfluous words or provisions were used. Conversely, it will not be presumed that the Legislature inserted idle, meaningless or superfluous language, or intended for [**18] any part or provision of the statute to be meaningless, redundant or useless. 82 C.J.S. Statutes § 316.

If the interpretation which the appellee places on this statute is correct, then subsection (b) alone would be sufficient to enable the government employee to have the suit in a State Court dismissed completely as to him, without a certificate of the Attorney General, without removing the case to the Federal District Court and without substituting the United States as a party defendant in the suit, all as is required by subsection (d). Such an interpretation of the statute, we think, would render subsection (d) meaningless and useless. There would be no occasion for the procedure set out in subsection (d) to be used, except perhaps as an optional type of relief after a motion to dismiss has been tried and rejected by the State Court. We think Congress intended to give subsection (d) more effect and usefulness than that.

When a case is removed to a Federal District Court under the provisions of subsection (d), we note that the statute does not give that court authority to dismiss the action completely as to the government employee. The proceedings must be continued in the [**19] Federal District Court as a tort action against the United States, or that court may remand the case to the State Court if it finds that the action cannot be maintained under subsection (b). Under the interpretation which appellee in this case places on that subsection, the State Court is empowered to dismiss the suit completely, even though the United States does not certify that the employee was acting within the scope of his employment and although the plaintiff (in this case the third party plaintiff) is not permitted to continue the suit as one brought against the United States under the provisions of the Federal Tort Claims Act. We do not think Congress intended for the 1961 amendments to have that effect.

Counsel for appellee urges that we consider the interpretation which courts have placed on other statutes which grant an 'exclusive remedy' against the United States, citing *46 U.S.C. § 745*, and *28 U.S.C. § 1498*, as examples of such related statutes. We have examined these statutes and find that although they do stipulate that the remedy therein provided is 'exclusive,' there is no provision in either statute similar to that contained in *28 U.S.C. § 2679*(d). The interpretations [**20] placed on the two cited statutes, therefore, would not be apposite to this case.

In our opinion, while Congress in adopting the 1961 amendments was concerned primarily with the rights of the government employee, it also considered the rights of the plaintiff in the action and the possibility that plaintiff's rights might be adversely affected by prescription or by the added inconvenience, time and costs [*584] of additional litigation, if there were not some provision for maintaining the suit which originally was instituted against the government employee alone. We agree that Section 2679, as amended, does grant immunity from personal liability to Federal employees which may arise out of their negligent operation of motor vehicles while in the scope of their Federal employment. Considering that section as a whole, however, we are convinced that when such a claim is urged in a State Court the employee does not become immune to liability unless and until the United States accepts responsibility and has the case removed to the Federal District Court as provided in *28 U.S.C. § 2679*(d). In this case, since there has been no compliance with the provisions of subsection (d), we think [**21] the trial court erred in dismissing the third party demand as to the appellee, Coffey.

For the reasons herein set out the judgment appealed from is reversed, and the case is remanded to the District Court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to the third party defendant-appellee, Eugene R. Coffey.

Reversed and remanded.

## DISSENTBY:

TATE

TATE

 
## DISSENT:

TATE, Judge (dissenting).

I respectfully dissent.

Before us is a simple question of statutory interpretation. The majority's proposed interpretation is not exactly implausible; but it is certainly not the obvious and common-sense direct meaning of the statutory words.

The great demerit of the majority's construction, in the writer's opinion, is that its conditions upon the whim of an administrative official the substantive rights of private citizens granted by Congress -- which I cannot believe to be the legislative intent. Further, the majority's construction of the statute will quite possibly tangle up the present state court litigation for many months; whereas, if the statute is given its practical common-sense meaning, this litigation can proceed on its orderly [**22] course through state courts, without prejudicing the rights of any party to any federal relief to which he may be entitled.

### I.

To recapitulate the facts: Coffey, a government employee, was made third party defendant, on allegations that his negligence contributed to the accident. Upon an uncontradicted showing that Coffey was engaged on a government mission at the time of the accident, the trial court sustained Coffey's motion for summary judgment and dismissed the suit as against him.

The trial court correctly did so under the 'driver's amendment', *28 U.S.C.A. § 2679*(b), to the Federal Tort Claims Act. This legislative enactment provides that the 'exclusive' remedy shall be a suit against the United States under the Federal Tort Claims Act, for injuries 'resulting from the operation by any employee of the (federal) Government of any motor vehicle while acting within the scope of his office or employment'.[FN1]

n 1. This statutory section, quoted in the majority opinion, in full provides: '(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, Shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.' (Italics mine.)

[**23]

The only federal decision squarely in point holds that this legislation grants an absolute personal immunity to federal employees while on government work, a remedy against the United States Government [*585] itself being substituted for any right of action against the employee. See *Perez v. United States, S.D.N.Y., 218 F.Supp. 571 (1963)*, containing full. legislative history also. The statute was enacted in the interest of the federal efficiency and to protect the federal employees from personal harassment for acts done while on government business, and it is similar to other such personal immunity statutes enacted within the constitutional immunity power of the sovereign. Perez v. United States, cited above; *Gustafson v. Peck, W.D.Iowa, 216 F.Supp. 370 (1963)*.

There are no decisions contrary to this interpretation, and the United States Attorney (who herein a representing the present government employee individually) calls to our attention several unreported decisions indicating that this is the uniform manner in which the driver's amendment statute is administered: upon proof that the government driver was on government work at the time of the accident, the suit is dismissed [**24] as against the driver personally. (Of course, it is not so dismissed, in the absence of an unqualified showing of personal immunity. See *Adams v. Jackel, E.D.N.Y. 220 F.Supp. 764 (1963)*, upon which the majority relies; this decision is not applicable to the Present situation, however, for here the uncontradicted showing is that the present government employee was indeed engaged on government work at the time of the accident.)

This immunity granted to the federal employee while on government work is personal to him. It may be urged by the employee as a personal defense to a suit against him, irrespective of the Attorney General's removing state litigation to a federal court. It is a personal private right of the government employee, granted to him by the national legislature as a matter of statutory right. The validity of the personal defense depends upon whether, as a matter of fact, the courts determine that he was or was not within the scope of his government employment at the time of the motor vehicle accident.

Nevertheless, the majority holds that the federal employee's immunity will not be recognized unless some administrative official (the Attorney General) certifies that [**25] the employee was on government work at the time of the accident. It is impossible for me to conceive that the national legislature intended to confer upon some administrative official the exclusive and

 
completely discretionary power to decide whether or not the employee's Statutory immunity should be recognized by the courts. I might say the Attorney General himself disclaims any interpretation granting him such dictatorial and unbridled power, so foreign to concepts of American political theory: that ours is a government of laws and not of men; and that the rights of every citizen are equal under the law and do not depend for their validity upon administrative discretion or whim.

The government employee's statutory immunity, and the substitution of the federal government's liability for the employee's, does not come into existence only if the Attorney General consents. The immunity is not created by any certification of the Attorney General that the government employee was on a government mission at the time of the accident.

To illustrate this, simply consider the situation when a suit is brought directly against the United States and the federal employee in federal court: The [**26] Court alone determines whether the statutory immunity shall be recognized. The recognition of the employee's personal immunity and the dismissal of the suit against him depends solely upon the court's determination whether or not the government employee was on government work at the time of the accident. See Perez v. United States and other cases cited above.

The statutory immunity of the employee is thus not conditioned upon the unilateral certification of the Attorney General that the employee was on a government mission. The recognition of the statutory immunity is a determination of law for the courts to [*586] make upon the facts of each case; the courts' recognition of the employee's statutory right does not depend upon some discretionary administrative decision by some appointed official as to whether or not the official shall chose to recognize this particular employee's statutory immunity.

Despite the clear statutory language, the majority of this court has nevertheless held that the government employee's personal immunity depends upon the unfettered discretion of the Attorney General to certify that the employee was on a government mission. Aside from quoting several [**27] excerpts from decisions on points not at issue herein, the majority relies upon an additional and separate provision of the driver's amendment statute, providing that, 'Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment', a state court suit against the employee shall be removed to federal court. See 28 U.S.C.A. § 2679(d) quoted in full in the majority opinion.

This right of the Attorney General to transfer the suit into federal court and to transform it into a direct action against the United States, is independent of the personal immunity of the government employee from liability and from suit for motor vehicle accidents while engaged in government work. This transfer remedy of the United States is not mandatory upon the Attorney General -- If he certifies that the state litigation against the employee is in reality a tort action against the United States, Then the proceedings are mandatorily removed. If he does not so certify, however, the determination of the question remains with the state court -- which must determine whether or not the alleged immunity of the government employee is indeed a valid personal [**28] defense to the suit against the employee individually.

I simply cannot understand how the power of the Attorney General to transfer a state case to federal court, upon his discretionary certification that the government employee was on a government mission, has any bearing whatsoever on the present question, which concerns only the personal right of a federal employee to be dismissed from a state court suit, upon his proving under the uncontradicted evidence that he is entitled to the statutory immunity granted him by Congress, because he was engaged on a government mission at the time of the accident.

II.

Basically, the majority hesitates to give the immunity statute the common-sense construction indicated by its plain words, because of some vague fear that the third party plaintiff, the Allstate Insurance Company, may somehow be prejudiced if the government employee is dismissed from this suit without the federal government also accepting liability in his stead.

In the first place, we should point out that the present appeal is from a summary judgment dismissing the government employee, upon the Uncontradicted showing that he was engaged on a government mission at the time of [**29] the accident. If there was the slightest doubt about this, if there was even the slightest showing that there was Any dispute whatsoever of fact concerning this, the summary judgment would not have been granted, since the burden is upon the mover to prove there is no material factual dispute and since all doubts are resolved against the granting of a summary judgment. Vallier v. Aetna Finance Co., La.App. 3 Cir., 152 So.2d 112, and cases therein cited. Not the slightest effort was made by Allstate by depositions or affidavits or otherwise to counter this showing; it must therefore be presumed that there is actually no dispute as to the facts set forth by the affidavits showing that the government employee was on a government mission at the time of the accident. Rushing v. Weyerhaeuser Co., La.App. 4 Cir., 144 So.2d 420.

 
Thus, the majority is in the position of holding that it will not recognize the government employee Coffey's personal immunity [*587] granted to him by statute, although it is uncontradicted that he was in fact engaged on a government mission at the time of the accident.

Upon allegations that Coffey was on a government mission at the time of the accident, [**30] Allstate or anyone else damaged thereby has the unqualified statutory right to sue the United States in federal court under the driver's amendment, 28 U.S.C.A. § 2679(b), cited above. Upon proof of this fact and of the driver's negligence, Allstate can recover damages or contribution occasioned thereby, no matter whether or not the Attorney General is willing to certify that Coffey was on a government mission.

Insofar as the majority fears that Allstate may somehow be prejudiced by prescription, a special limitation (prescription) statute grants the right to file the federal tort claim within two years after the claim accrues, 28 U.S.C.A. § 2401(b). Any claim by Allstate for contribution did not 'accrue' At the earliest until March 13, 1963, when the present suit was first filed against one of the solidary obligors, see Brown v. New Amsterdam Cas. Co., 243 La. 271, 142 So.2d 796, and actually the general rule is that the right to contribution does not arise, nor does prescription commence against it, until after one of the joint obligors has paid more than his share of the common obligation. See 18 C.J.S. Contribution § 4, p. 7, § 13b, p. 22. Cf., De Lallande v. De Lallande, [**31] 10 La.Ann. 220 (1855). Cf. also Quatray v. Wicker, 178 La. 289, 151 So. 208; Aetna Life Insurance Co. v. De Jean, 185 La. 1074, 171 So. 450.

If and when Allstate is cast, it will still be entitled to file suit in federal court under the federal tort claims act to recover contribution on the ground that the alleged joint negligence of the government driver also contributed to the accident. See United States v. Yellow Cab, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951), recognizing the right of the liability insurer of a joint tortfeasor to contribution under the federal tort claims act; See also: LSA-C.C. Arts. 2103, 2104; LSA-C.C.P. Art. 1113; Comment, 'Contribution among Joint Tortfeasors', 22 La.L.Rev. 818 (1962), concerning right of Louisiana joint tortfeasors to contribution.

III.

Probably the strongest practical reason for the present dissent is the procedural confusion into which the majority holding throws the present state court suit.

To recapitulate the procedural context of the majority's ruling:

In the principal demand, an injured passenger sues (a) the operator of another vehicle, (b) her husband, and (c) their liability insurer (Allstate) for damages. Allstate [**32] files an answer: (1) denying negligence of its driver; (2) denying coverage of its policy; and (3) in the Third alternative, asserting the present third-party demand against the government employee Coffey, urging that, if both of its first two defenses are not sustained, then, at any event, the government employee's negligence contributed to the accident, so that the third-party plaintiff is entitled to contribution from him.

Coffey, the government employee made third-party defendant, then filed a motion for summary judgment against the third-party demand on the grounds of his personal immunity from suit. The trial court properly sustained Coffey's motion for summary judgment and dismissed him from the suit, upon the uncontradicted showing that he was engaged on a government mission at the time of the accident.

Let us be practical and realistic.

The third party plaintiff cannot be prejudiced by our affirming the trial court judgment and recognizing the government employee's personal immunity granted him by subsection (b) of 28 U.S.C.A. § 2679. We can safely assume that, if this third party plaintiff had had the least doubt that there was a material issue of fact as to the employee [**33] being on government work, it would [*588] have raised it by producing a counter showing and thus have avoided summary judgment in favor of the employee. The dismissal of the employee from the suit cannot prejudice the third party plaintiff, therefore, since it has still its (exclusive) remedy to seek contribution from the United States, instead of from the employee, If ultimately the third party plaintiff is cast in the main suit (and, of course, if the evidence shows that the government employee's negligence contributed to the accident).

On the other hand, by construing the statute as the majority does in order to protect the supposed interests of Allstate, we are prejudicing the rights of every other party to this suit, and we are producing a procedural tangle which may well take many a month and much litigation to resolve.

If the Attorney General does Not transfer the suit to federal court, the government employee Coffey runs the risk of being cast personally for damages, even though the uncontradicted evidence shows that he was on a government mission and is thus statutorily entitled to personal immunity from liability. If the Attorney General Does file a certificate and [**34] transfer the third party demand, then, as the third party plaintiff's able counsel in brief himself observes: 'We grant that removal in the context of litigation involved here would be awkward if, indeed, it can be accomplished at all. In order to permit orderly continuation of the litigation, it

 

would be necessary to remove the principal action as well as the third party action. If this cannot be done, (etc.) * * *'.

All these awkward and unfortunate consequences may be avoided if we just applied the obvious and common-sense construction to the statute, under which Coffey's personal immunity is recognized for acts done while on government work. Our affirming the summary judgment dismissing the (Third-alternative) third-party demand against him will permit the state court proceedings to continue to an orderly adjudication.

It may well be that Allstate, the third party plaintiff, will be released from liability under either of its first two defenses, in which case there will be no need for further proceedings by it in federal court to enforce contribution. Or, if Allstate Is cast, nevertheless, with the long prescriptive period afforded it, it can still file its suit as a joint [**35] tortfeasor for contribution, claiming such by reason of the government employee's negligence while on a government mission, as contributing to the accident caused also by the joint negligence of Allstate's insured.

Conclusion.

In summary, the majority's refusal to recognize the government employee's personal immunity granted him by statute, unless some administrative official consents to it, is in my opinion a most unwise and doubtful construction of a statute, in the face of its contrary common-sense meaning. It is further a construction which might have the defect of unnecessarily converting this simple tort suit into tangled and intertwined federal-state litigation taking many a month or even many a year to unwind.

For the reasons assigned, I respectfully dissent.

On Application for Rehearing.

En Banc. Rehearing denied.

TATE, Judge (dissenting).

In addition to the reasons expressed by the writer in his original dissent, he must here emphasize and underline that before us is a simple question of statutory interpretation, and that the majority's interpretation has flouted the Express intention of Congress.

It may be argued that the majority has drawn up a better statute [**36] than Congress did, but it is not the business of courts to legislate.

[*589] The sole question before us is whether Congress intended by 28 U.S.C.A. § 2679(b) to confer a personal immunity to a federal employee while driving on government business (substituting for the act against the employee an exclusive remedy against the United States itself).

I did not in my original opinion emphasize enough that the legislative reports preceding enactment of this statute indicate beyond a peradventure of a doubt that Congress specifically intended, in the interest of federal efficiency and to protect federal employees, to confer upon them a personal immunity from suit for acts performed while driving government vehicles.

In *Perez v. United States, S.D.N.Y. 218 F.Supp. 571 (1963),* the legislative history of the enactment is considered. In disposing of contrary interpretations by the plaintiffs, the court stated: 'The Government contends that the express purpose of Congress in enacting this legislation is to bar suits against Government driver employees in their individual capacity when involved in an accident while in the scope of their employment.' The court concluded: 'Careful examination [**37] of the statute and its legislative history indicates that the Government's position is correct, and that its motion to dismiss against the Government driver should be granted.' *218 F.Supp. 572.*

In addition to the House of Representatives report quoted in the Perez decision, attention should also be directed to the Senate report specifically referring to 2679(b) and stating that the purpose is to provide the claim against the United States as the 'sole remedy' for damages 'resulting from the operation of a motor vehicle by a Government employee in the scope of his employment. This would exclude suits against employees in their individual capacities on the same claims. * * *' (Italics mine.) (Senate Report No. 736, reported at pages 2784, 2787, U.S. Code Congressional and Administrative News, 87th Congress, First Session, 1961.)

For the foregoing reasons, as well as those expressed in my original dissent, I respectfully dissent from the denial of the government employee's application for rehearing herein.

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON, | ) CIVIL CASE NO. CV 0318-02 |
| | ) |
| | ) CERTIFICATE OF SERVICE |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| GARRY M. PASCOE, AMERICAN HOME ASSURANCE COMPANY, and DOE DEFENDANTS 1 – 10, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, a copy of foregoing documents, was

duly served by personal delivery upon the following at his last known address.

Terence E. Timblin, Esq.
Vernier & Maher LLP
115 Hesler Place, Ground Floor
Gov. Joseph Flores Bldg.
Hagatna, Guam 96910

Attorney for Defendants Garry M. Pascoe and
American Home Assurance Company

Dated: Hagatna, Guam, November 10, 2004.

Wayson W. J. Wong

Wayson W. S. Wong
Attorney for Plaintiffs

do hereby certify that the forego....
a full true and correct copy of the
original on file in the office of the
Clerk of the ........lor Court of Guam
Dated at Hagatna Guam.

JUL 1 0 2006

Teresita S. Perez



RECEIVED

Wayson W. S. Wong, Esq. NOV 0 3 2004
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203 SUPERIOR COURT
Hagatna, Guam 96910    OF GUAM
Phone: 475-7448                CLERK'S OFFICE

Attorney for Plaintiffs

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| GARRY M. PASCOE, AMERICAN HOME ASSURANCE COMPANY, and DOE DEFENDANTS 1 – 10, | ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL CASE NO. CV 0318-02

**NOTICE OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## NOTICE OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Please take Notice that plaintiffs, by and through their counsel, Wayson

W. S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional

Corporation, will bring Plaintiffs' Motion for Leave to File First Amended

Complaint on for hearing, at the above-entitled Court, Judiciary Building, 120 W.

O'Brien Drive, Hagatna, Guam, on ___NOV. 16, 2004___ at __1:30__

__P__.m. or as soon thereafter as the matter may be heard.

Dated: Honolulu, Hawaii, November 2, 2004

Wayson W. S. Wong
Attorney for Plaintiffs

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

(Faxed Copy, Original to Follow Shortly)



Terence E. Timblin
**VERNIER & MAHER, LLP**
**115 Hesler Place, Ground Floor**
**Governor Joseph Flores Building**
**Hagåtña, Guam 96910**
**Telephone No.: (671) 477-7059**
**Facsimile No.: (671) 472-5487**

**Attorney for Defendants**
**GARRY M. PASCOE and**
**AMERICAN HOME ASSURANCE COMPANY**

## SUPERIOR COURT OF GUAM

SHAUNANNETTE D. WATSON and
GEORGE L. WATSON,

              Plaintiffs,

        vs.

GARRY M. PASCOE, AMERICAN
HOME ASSURANCE COMPANY,
and DOE DEFENDANTS 1-10,

           Defendants.

_____/

**CIVIL CASE NO. CV0318-02**

**SUBMISSION OF DOCUMENTATION
OF TENDER OF CLAIM TO UNITED
STATES**

    Defendants GARRY M. PASCOE ("PASCOE") and AMERICAN HOME

ASSURANCE COMPANY ("AMERICAN HOME"), through counsel, VERNIER &

MAHER, LLP, by Terence E. Timblin, Esq., hereby submit the following

documentation of the tender of Plaintiff's claim to the United States:

    1.    Letter to Joseph Tock from Terence E. Timblin dated August 13, 2004;

    2.    Letter to Joseph Tock from Terence E. Timblin dated August 19, 2004;

1