# I. JURISDICTION OF THIS COURT

Plaintiffs express concern that this Court may not have jurisdiction to enter the order requested by Defendants and that any attempt to collect against the United States in the event of a default may be futile. Defendants have no quarrel with the idea of filing this Petition in the District Court of Guam and considered doing so. However, 28 U.S.C. §2679(b)(3) pretty clearly requires it to be filed in this Court. It provides that the employee may "petition the court to find and certify that the employee was acting within the scope of his office or employment.", and that "Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States". If the petition is filed in a civil action in a state court, the action may be removed by the Attorney General to the district court. The provision for removal by the Attorney General implies that the action originated in a state court as there otherwise would be no need for removal, and there could only be a removal if the state court had already made the certification. The only logical conclusion is that Congress intended to confer jurisdiction on the state court to make the certification and to provide the United States with the option of litigating the matter in that court or removing it to federal court.

Defendants are as mystified by the sphinx like silence from the United States Attorney's Office as are Plaintiffs. However, the United States has been properly served pursuant to Rule 4(i)(1)(A) and (B) of the Federal Rules of Civil Procedure. Since this is a petition and not a motion, there is no apparent requirement that the United States file any prior written opposition and it may simply decide to appear at the hearing to raise whatever objection, if any, that it may have.

2

Defendants are not attempting to consign Plaintiffs to a legal Neverneverland. In the event that 1) the United States does not appear and defend in this Court or remove the case to the District Court, 2) Plaintiffs take a default judgment; and 3) they are ultimately unable to collect because of a determination that this Court did not have jurisdiction to make the certification; then Defendants are prepared to refile this Petition in the District Court.

## II. STATUS AS FEDERAL EMPLOYEE

Plaintiffs suggest that there is evidence to counter the overwhelming evidence set forth in the initial Memorandum that Defendant PASCOE was acting in the course of his federal employment. If such evidence exists, Plaintiffs have not cited it. Plaintiffs have had the opportunity to depose Defendant PASCOE and have not indicated an intent to conduct any further discovery on the issue. Plaintiffs have cited nothing to contradict the apparently unanimous authority to the effect that a fireman who is directly responding to reported emergency in his personal vehicle is acting in the course of his employment. Nor do they offer any reason to ignore the acknowledgement by two officers of the United States Air Force to this effect.

## CONCLUSION

The plain language of 28 U.S.C. §2679(b)(3) grants this Court jurisdiction to certify that Defendant PASCOE was acting in the course of his employment with the United States Government when the accident occurred and the Court should so

3

certify. Should it be subsequently be determined that the statute does not say what is appears to say, Defendants are willing to refile this Petition in the District Court.

Respectfully submitted this 18th day of May, 2006.

MAHER · YANZA · FLYNN · TIMBLIN, LLP
**Attorneys for Defendants GARRY M. PASCOE**
**and AMERICAN HOME ASSURANCE COMPANY**

BY: _____
TERENCE E. TIMBLIN, ESQ.

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

# CERTIFICATE OF SERVICE

I, **TERENCE E. TIMBLIN**, hereby certify that on the 18th day of May, 2006, I caused copies of the annexed **Reply Memorandum in Support of Petition for Certification that Defendant PASCOE was Acting in the Course of Federal Employment,** which was filed with the Court on May 18, 2006, to be served upon the parties hereto, by either delivering and leaving a copy of same to their attorneys of record, or by depositing a copy of same in the U.S. Mail, postage prepaid, via certified mail, returned receipt requested, addressed to their attorneys of record at their last known address, as follows:

**- VIA HAND-DELIVERY -**

Wayson W.S. Wong, Esq.
**LAW OFFICES OF WAYSON WONG**
A Professional Corporation
142 Seaton Blvd., Suite 203
Hagåtña, Guam 96910
**Attorneys for Plaintiffs**
**SHAUNANNETTE D. WATSON and GEORGE L. WATSON**

Leonardo M. Rapadas, United States Attorney
Mikel W. Schwab, Assistant United States Attorney
**OFFICE OF THE UNITED STATES ATTORNEY – DISTRICT OF GUAM**
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910
**Attorneys for UNITED STATES OF AMERICA**

**- VIA U.S. MAIL (CERTIFIED/RETURN RECEIPT) -**

**Alberto R. Gonzales, United States Attorney General**
**OFFICE OF THE UNITED STATES ATTORNEY GENERAL**
**U.S. DEPARTMENT OF JUSTICE**
**950 Pennsylvania Avenue, N.W.**
**Washington, D.C. 20530-0001**

Dated this 18th day of May, 2006.

**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
**Attorneys for Defendants GARRY M. PASCOE**
**and AMERICAN HOME ASSURANCE COMPANY**

BY: _____
**TERENCE E. TIMBLIN, ESQ.**

do hereby certify that the fore-
a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JUL 1 0 2006

Terasita S. Reyes

that such certification will have any effect on either the United States or the Attorney General of the United States.

It is highly questionable whether this Court has jurisdiction to make valid binding decisions against the United States or the Attorney General of the United States when neither are parties to this case. Granted, Mr. Pascoe has provided notice to the United States of this petition, but that does not mean that it is a party to these proceedings.

The Federal statute involved, 28 U.S.C. § 2679, is not clear. It indicates that if the Attorney General has refused to certify scope of employment, the employee may file a petition in the court to ask the court to make that certification. The provisions of 28 U.S.C. § 2679(b)(3) indicate that the Attorney General may then remove the case to the United States District Court and the district court can determine whether or not the employee was acting within the scope of his employment. Unfortunately, that statute does not address the situation in which the Attorney General has done nothing, like we have here. The issue then becomes whether this Court can decide the certification issue for the Attorney General, at least with respect to removal jurisdiction. The Watsons are very concerned that this Court probably cannot decide that issue. The better course would be to have Mr. Pascoe submit his petition to the United States District Court, which clearly has jurisdiction to decide that issue.

The problems with this Court granting the petition become more apparent, if and when that somehow happens. Again, the United States has done nothing in this case. After this Court grants the petition as Mr. Pascoe has requested, issues the certification requested and orders that the United States be substituted as the defendant in this case, if the United States still does nothing, can the Watsons validly take default judgment against the United States. What practical recourse do they have that is consistent with the Federal statute involved?



ORIGINAL

SUPERIOR COURT
OF GUAM

2006 JUN 15 PM 2:22

CLERK OF COURT

BY_____

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   Tel: (671) 472-7332
5  Fax: (671) 472-7215

6  Attorneys for Defendant
   UNITED STATES OF AMERICA

7                    IN THE SUPERIOR COURT OF GUAM

8                         TERRITORY OF GUAM

9
   SHAUNANNETTE D. WATSON and ,      )    CIVIL NO. CV 0318-02
10 GEORGE L. WATSON,                 )
                                     )
11              Plaintiffs,          )    NOTICE OF FILING OF
         vs.                         )    NOTICE OF REMOVAL OF
12                                   )    CIVIL ACTION; ATTACHMENT;
   GARRY M. PASCOE, AMERICAN HOME)        CERTIFICATE OF SERVICE
13 ASSURANCE COMPANY, and DOE       )
   DEFENDANTS 1-10,                  )
14                                   )
                Defendants.          )
15 _____   )

16
   TO:   CLERK OF COURT
17       Superior Court of Guam

18       TERENCE E. TIMBLIN
         Maher, Yanza, Flynn, Timblin, LLP
19       115 Hesler Place, Ground Floor
         Governor Joseph Flores Building
20       Hagatna, Guam 96910
         Attorney for Defendant American Home Assurance Company
21
         WAYSON W. WONG, Esq.
22       Law Offices of Wayson Wong
         142 Seaton Blvd., Suite 203
23       Hagatna, Guam 96910
         Attorney for Plaintiffs
24

25       PLEASE TAKE NOTICE that on June 15, 2006, Defendant United States of America, on

26 behalf of United States Air Force and Garry M. Pascoe, filed in the Office of the Clerk of the

27 United States District Court for the District of Guam, a Notice of Removal of Civil Action of the

28 above-entitled cause of action to the United States District Court. A copy of such notice is





1  annexed hereto. A copy of the notice is being filed with the Clerk of the Superior Court of

2  Guam, for the Territory of Guam, pursuant to Title 28, United States Code, Sections 1441, 1442,

3  1444 and 1446.

4      DATED: Hagatna, Guam, *June 15, 2006*                    .

5

6                              LEONARDO M. RAPADAS
                               United States Attorney
7                              Districts of Guam and NMI

8                          BY:

9                              MIKEL W. SCHWAB
                               Assistant U.S. Attorney
10
                               Attorneys for Defendant
11                             UNITED STATES OF AMERICA

12

13                                                  do hereby certify that the foreg...
                                                    is a full true and correct copy of the
14                                                  original on file in the office of the
                                                    Clerk of the Superior Court of Guam
15                                                  Dated at Hagatna, Guam

16                                                      JUL 1 0 2006

17                                                  Teresita S. Perez

18

19

20

21

22

23

24

25

26

27

28



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that June 15, 2006, I served a copy of the foregoing Notice of

Filing of Notice of Removal by first-class mail, postal prepaid, and personal service upon the

following attorneys:

Terence E. Timblin
Maher, Yanza, Flynn, Timblin
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910

Wayson W. Wong
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910

_Frances B. Leon Guerrero_
FRANCES B. LEON GUERRERO
Legal Assistant U.S. Attorney



I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

Pasco ntcof filing.wpd

3

1   LEONARDO M. RAPADAS
    United States Attorney
2   MIKEL W. SCHWAB
    Assistant U.S. Attorney
3   Sirena Plaza, Suite 500
    108 Hernan Cortez Avenue
4   Tel: (671) 472-7332
    Fax: (671) 472-7215
5
  Attorneys for Defendant
6
  UNITED STATES OF AMERICA
7

8           IN THE UNITED STATES DISTRICT COURT

9               FOR THE DISTRICT OF GUAM

10

| | |
|---|---|
| 11   SHAUNANNETTE D. WATSON and<br>    GEORGE L. WATSON,          ) | CIVIL NO. _____ |
| 12                          ) | |
| 13           Plaintiffs,      ) | NOTICE OF REMOVAL OF |
|         vs.                  ) | CIVIL ACTION; EXHIBIT A; |
| 14   GARRY M. PASCOE, AMERICAN HOME) | CERTIFICATE OF SERVICE |
|      ASSURANCE COMPANY, and DOE    ) | |
| 15   DEFENDANTS 1-10,         ) | |
|                          ) | |
| 16           Defendants.    ) | |

17           Upon direction of the Attorney General of the United States and pursuant to Title

18   28, United States Code, Sections 1441, 1442, 1444 and 1446, the undersigned attorneys on

19   behalf of Defendant United States of America, on behalf of the United States Air Force, hereby

20   give notice of the removal of the above-captioned civil action to the United States District Court

21   for the District of Guam. The grounds for this removal are as follows:

22           1.      On March 12, 2002, a Complaint was filed by plaintiffs against

23   defendants, in the Superior Court of Guam, Territory of Guam. The Superior Court action is

24   numbered Civil No. CV 0318-02.

25           2.      A copy of the Complaint and Summons, relating to the said Superior Court

26   action was received in the United States Attorney's Office on August 26, 2004. A copy of the

27   Complaint and Summons, is attached hereto as Exhibit A.

28



1      3.     The above-named action is a civil action which may be removed to this

2  court by Defendant United States of America, pursuant to the provisions of Title 28, United

3  States Code, Sections 1441, 1442, 1444 and 1446 in that this action is an action involving a

4  Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. arising out of an accident which

5  occurred on March 13, 2000, within the Andersen Air Force Base.

6           WHEREFORE, Defendant United States of America gives notice that the above

7  action now pending against it in the Superior Court of Guam, Territory of Guam, is removed

8  therefrom to this Court.

9           This Notice of Removal is signed pursuant to Rule 11, Federal Rules of Civil

10  Procedure.

11           DATED: Hagatna, Guam, _____.

12

13                          LEONARD M. RAPADAS
                            United States Attorney
14                          Districts of Guam and CNMI

15                   BY: _____

16                          MIKEL W. SCHWAB
                            Assistant U.S. Attorney
17

18

19                                        

20

21                                        JUL 1 0 2006

22

23

24

25

26

27

28

                                – 2 –

Case 1:06-cv-00016    Document 7-14    Filed 07/13/2006    Page 10 of 25

# CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2006, I caused to be served by personal service a copy of the foregoing Notice of Removal of Civil Action; Exhibit A; Certificate of Service, in the entitled case <u>Shaunannette D. Watson and George L. Watson v. Garry M. Pascoe, American Home Assurance Company, and Doe Defendants 1-10</u>, to the following attorneys:

TERENCE E. TIMBLIN, Esq.
Maher, Yanza, Flynn, Timblin, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910

WAYSON W. WONG, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910

_Frances B. Leon Guerrero_
FRANCES B. LEON GUERRERO
Legal Assistant

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

IN THE SUPERIOR COURT OF GUAM

CIVIL CASE NO. **CV 0318-02**

SHAUNANNETTE D. WATSON and )
GEORGE L. WATSON,              )
                               )
              Plaintiffs,      )
                               )
      vs.                      )
                               )
GARRY M. PASCOE, AMERICAN      )
HOME ASSURANCE COMPANY,        )
and DOE DEFENDANTS 1 – 10,     )
                               )
              Defendants.      )
_____)

CIVIL CASE NO. _____

COMPLAINT; DEMAND FOR
JURY TRIAL OF SIX

## COMPLAINT

Plaintiffs Shaunannette D. Watson (Ms. Watson) and George L.
Watson (Mr. Watson), by and through their attorney, Wayson W. S. Wong, Esq.,
of the Law Offices of Wayson Wong, A Professional Corporation, as claims for
relief against defendants, allege as follows.

### FIRST COUNT

1.    At all times relevant, Ms. Watson has been an adult resident
of Guam.

2.    At all times relevant, Mr. Watson has been an adult resident
of Guam.

3.    At all times relevant, Ms. Watson and Mr. Watson have been
married.

a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagatna, Guam

COPY

JUL 1 0 2006

EXHIBIT
A



4. At all times relevant, defendant Garry M. Pascoe (Mr. Pascoe) has been an adult resident of Guam.

5. At all times relevant, defendant American Home Assurance Company (American Home) has been an insurance company authorized to do business in Guam.

6. Doe Defendants 1 – 10 are sued herein under fictitious names for the reason that, despite diligent and good faith efforts to obtain information, their true names and identities are presently unknown to plaintiffs, except that they have been connected in some manner with the named defendant(s) and/or have been employees, employers, agents, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors of the named defendant(s); and/or have been in some manner presently unknown to plaintiffs, engaging in the activities alleged herein; and /or have been in some manner responsible for the injuries or damages to plaintiffs; and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to plaintiffs and their attorneys. Plaintiffs ask leave of this Court to identify the Doe Defendants 1 – 10, if and when their identities are ascertained.

7. This Court has jurisdiction of this action pursuant to 48 U.S.C. §1424, as amended, and 7 G.C.A. §3105 and jurisdiction over the defendants.

8. On March 13, 2000, Mr. Pascoe , approaching the car driven by Ms. Watson from her rear, crashed his car into the driver's side of Ms. Watson's car as she was attempting to make a left turn.

9. That collision was caused by the negligence of Mr. Pascoe.

2

10. As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has suffered injuries to her body, for which she has incurred medical and other health care expenses and will continue to incur such expenses.

11. As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has lost income and may continue to lose income.

12. As a legal cause of the collision and the negligence of Mr. Pascoe, Ms. Watson has had pain and suffering, the loss of enjoyment of life, and mental and emotional distress and probably will continue to incur the same.

13. Mr. Pascoe is liable to Ms. Watson for her injuries and damages.

SECOND COUNT

14. Plaintiffs reallege paragraphs 1 – 13 of this Complaint.

15. As a legal cause of the collision and the negligence of Mr. Pascoe, Mr. Watson has lost consortium with respect to Ms. Watson and continues to suffer such loss.

16. Mr. Pascoe is liable to Mr. Watson for his damages.

THIRD COUNT

17. Plaintiffs reallege paragraphs 1 – 13 and 15 - 16 of this Complaint.

18. American Home issued a policy of liability insurance under which Mr. Pascoe was an insured.

19. That policy was in full force on March 13, 2000.

20. That policy provided coverage for liability by Mr. Pascoe for bodily injuries and/or damages to Mr. and Ms. Watson.

21. Pursuant to 22 G.C.A. §18305, plaintiffs are entitled to maintain this direct action against American Home and to recover from it for their injuries and damages, up to the applicable policy limits.

WHEREFORE, plaintiffs pray as follows:

a. That judgment be entered in their favor against defendants, jointly and severally, for plaintiffs' special and general damages;

3

b.    That they be awarded appropriate interest;

c.    That they be awarded their attorney's fees and costs; and

d.    That the Court grant such other and further relief as it deems appropriate.

Dated:  Hagatna, Guam, March 12, 2002.


_____
Wayson W. S. Wong
Attorney for Plaintiffs

I hereby certify that the foreg...
is full true and correct copy o...
iginal on file in the office of the ...
Clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

4

# IN THE SUPERIOR COURT OF GUAM

SHAUNANNETTE D. WATSON and )    CIVIL CASE NO. _____
GEORGE L. WATSON, )
                              )    DEMAND FOR JURY TRIAL
         Plaintiffs, )    OF SIX
                              )
     vs. )
                              )
GARRY M. PASCOE, AMERICAN )
HOME ASSURANCE COMPANY, )
and DOE DEFENDANTS 1 – 10, )
                              )
         Defendants. )
_____ )

## DEMAND FOR JURY TRIAL OF SIX

       Plaintiffs, by and through their attorney, Wayson W. S. Wong, of the

Law Offices of Wayson Wong, A Professional Corporation, demand a jury trial of

six on all issues so triable herein.

       Dated:  Hagatna, Guam, March 12, 2002.

                          _Wayson W. S. Wong_
                          Wayson W. S. Wong
                          Attorney for Plaintiffs

I do hereby certify that the foregoing
is a full, true and correct copy of the
original on file in the office of the
Clerk of The Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagatna, Guam 96910
Phone: 475-7448

Attorney for Plaintiffs

FILED
JUL 12 '11 8:04

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and ) | CIVIL CASE NO. **CV 0318-02** |
| GEORGE L. WATSON, ) | |
| ) | SUMMONS |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARRY M. PASCOE, AMERICAN ) | |
| HOME ASSURANCE COMPANY, ) | |
| and DOE DEFENDANTS 1 – 10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### SUMMONS

TO:     THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Wayson W. S. Wong, Esq., plaintiffs' attorney, whose address is 142 Seaton Blvd., Suite 203, Hagatna, Guam 96910, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

Dated: Hagatna, Guam, _____ **MAR 1 2 2002** _____.

CLERK OF COURT,
SUPERIOR COURT OF GUAM

*Charlene T. Santos*
_____
DEPUTY CLERK

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez

| Time | Speaker | Note |
|------|---------|------|
| 9:20:34 AM | **CV318-02** | |
| 9:20:37 AM | TIMBLIN | MR. PASCOE WAS ACTING ON BEHALF OF HIS EMPLOYMENT REQ 2 WEEKS FOR CASE TO GO OVER TO DISCTRICT COURT  SCHAB |
| 9:29:59 AM | | **6/19/06 9AM S/H** |

...do hereby certify that the foregoing
...is a full true and correct copy...
original on file in this office...
Clerk of the Superior Court...
Dated at Hagatna...

JUL 1 0 2006

Teresita S. ___

| Description | CV318-02<br>5/30/06<br>SHAUNETTE D. WATSON V. GARRY PASCOE ETAL.,<br>PET FOR CERTIFICATION THAT DEFENDANT PASCOE WAS ACTING IN<br>THE COURSE OF FEDERAL EMPLOYMENT<br>P/A WONG<br>D/A TIMBLIN<br>MJB/CCS |
|---|---|
| Date | 5/30/2006 | Location |

I do hereby certify that the forego:
...a full true and correct copy of...
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JUL 1 0 2006

Teresita S. Perez

　　　　　Display Calendar Record　　　　　

Press Enter to continue.
```
Case number . . . . . :  CV0318-02
Scheduled date  . . . :  05/30/2006        Rescheduled date  . . :  06/19/2006
Scheduled time  . . . :  09:00 AM          Rescheduled time  . . :  09:00 AM
Calendar case order . :  000
Case sealed (Y/N) . . :  N
Calendar type . . . . :  REGULAR
Hearing judge . . . . :  HONORABLE MICHAEL J. BORDALLO
Courtroom . . . . . . :
Assigned judge  . . . :  HONORABLE MICHAEL J. BORDALLO
Case title - party 1  :  SHAUNANNETTE D. WATSON
Case title - vs./of . :  VS.
Case title - party 2  :  GARRY M. PASCOE
Purpose . . . . . . . :  PETITION FOR CERTIFICATION THA
Status  . . . . . . . :  Rescheduled
Comments  . . . . . . :

Counsel . . . . . . . :
Law clerk . . . . . . :
F3=Exit         F7=Purpose      F8=Parties      F9=Attys      F12=Cancel
F14=Related cases               Roll=Next/Prev Rcd
```

I hereby certify that the foregoing
a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagåtña, Guam.

JUL 1 0 2006

Teresita S. Perez

DATE: 3/14/06                    SUPERIOR COURT OF GUAM                    TIME: 14:42:42

        CASE NO: CVO318-02
          TYPE: CIVIL
        CAPTION: SHAUNANNETTE WATSON ET AL VS. GARRY PASCOE ET AL
TOTAL AMOUNT:           10.00

| Reference Number | Reference Date | Description | Rev acct | Amt Owed |
|---|---|---|---|---|
| 060003533 | 3/14/2006 | JBF/CV CIVIL OTHERS | 33052199 | 10.00 |

207

I hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
located at Hagåtña, Guam

JUL 1 0 2006

Teresita S. Perez

DATE: 11/03/04            SUPERIOR COURT OF GUAM            TIME:   9:48:27

       CASE NO: CVO318-02
          TYPE: CIVIL
       CAPTION: SHAUNANNETTE WATSON ET AL VS. GARRY PASCOE ET AL
  TOTAL AMOUNT:            10.00

Reference    Reference
Number       Date        Description              Rev_acct           Amt_Owed

040012871    11/03/2004   JBF/CV CIVIL OTHERS      33052199              10.00



do hereby certify that the forego...
a full true and correct copy of t...
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 1 0 2006

Teresita S. Perez



# VERNIER & MAHER, LLP

D. Paul Vernier, Jr.
John B. Maher

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: vernier@ite.net

Louie J. Yanza
Michael D. Flynn, Jr.
Terence E. Timblin

August 13, 2004

Mr. Joseph Tock
36 ABW/JA
Unit 14003, Box 28
APO, AP 96543

RE: **SHAUNANNETTE D. WATSON, ET AL. v. GARY M. PASCOE, ET AL.
SUPERIOR COURT OF GUAM, CIVIL ACTION NO. CV0318-02**

Dear Joe:

In accordance with our telephone conversation of today's date, enclosed are copies of pleadings, correspondence, reports, etc., with regard to the above-referenced matter.

Please do not hesitate to contact me should you have any questions or wish to discuss this matter further.

Sincerely,

**VERNIER & MAHER, LLP**

Terence E. Timblin

Enclosures as stated.

do hereby certify that the forego
.s a full true and correct copy of
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUL 10 2006

Teresita S. Perez

# VERNIER & MAHER, LLP

D. Paul Vernier, Jr.
John B. Maher

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: vernier@ite.net

Louie J. Yanza
Michael D. Flynn, Jr.
Terence E. Timblin

August 19, 2004

Mr. Joseph Tock
36 ABW/JA
Unit 14003, Box 28
APO, AP 96543

RE:   SHAUNANNETTE D. WATSON, ET AL. v. GARY M. PASCOE, ET AL.
      <u>SUPERIOR COURT OF GUAM, CIVIL ACTION NO. CV0318-02</u>

Dear Joe:

Enclosed is a letter from Wayson Wong, dated August 16, 2004 as well as some medical records for Mrs. Watson, with respect to the above matter. Mr. Wong makes a settlement demand for the policy limits of $25,000.00 and attempts to pressure us into settlement by threatening to obtain a judgment in excess of policy limits against Mr. Pascoe. Our position has been and remains that Mr. Pascoe cannot be held personally liable because he has either not been properly served, or, if he has been, he is entitled to immunity pursuant to Federal Tort Claims Act. I state this in the alternative because Mr. Wong's secretary handed Mr. Pascoe copies of the Summons and Complaint at his office when Mr. Pascoe's deposition was taken on August 12, 2004. Rules 4(c)(1) and 4(c)(2)(A) of the Superior Court Rules provide that service of process may only be accomplished by a marshal or deputy marshal of the Superior Court or by a person specially appointed for that purpose, and that he or she must be not less than 18 years of age. I do not know if she meets these requirements or not. Because of the purported service, I advised Mr. Pascoe to contact your office.

For the reasons stated in the Motion for Summary Judgment, it is my opinion that Mr. Pascoe, and therefore his personal insurer, are immune from civil liability as he was acting in the scope of his Federal employment when the accident occurred. At his