ORIGINAL

FILED
DISTRICT COURT OF GUAM
AUG 25 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON,<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA, AMERICAN HOME ASSURANCE COMPANY, AND DOE Defendants 1-10,<br><br>Defendants. | Civil Case No. 06-00016<br><br><br>**MINUTES** |

(✓) SCHEDULING CONFERENCE ( ) PRELIMINARY PRETRIAL CONFERENCE
(August 24, 2006, at 10:57 a.m.)

( ) FINAL PRETRIAL CONFERENCE ( ) STATUS CONFERENCE

**Notes**: Appearing on behalf of the Plaintiffs was Wayson Wong, Esq. Appearing for the defendant United States of America was Assistant U.S. Attorney Mikel Schwab. Terence Timblin, Esq. appeared on behalf of defendant American Home Assurance Company ("AHAC").

Judge Manibusan and counsel discussed the status of AHAC in this action. Mr. Timblin asserted that it was his belief that AHAC is no longer a valid party in this action following removal. Judge Manibusan stated that the United States only substituted itself for former defendant Garry M. Pascoe, and thus AHAC remains as a named defendant. Judge Manibusan stated that if AHAC believes that it should not be a party to this action, then AHAC must take some action, perhaps by filing a motion, to have this matter addressed by the Court. Without such affirmative action and

Court determination, AHAC remains a defendant herein.

Mr. Wong stated that he intends to file an amended complaint to assert the appropriate claims of liability against the United States. Mr. Wong hopes to accomplish this by way of stipulation between the parties, so as to avoid the need to file a motion to amend. Judge Manibusan and counsel for the Defendants did not see the need to amend the complaint. Counsel for the Defendants stated that they could not agree to such amendment at that time without discussing the matter with their clients or seeing a proposed amended complaint. Mr. Wong stated that he will circulate a stipulation and proposed amended complaint between the parties by next Friday. If no agreement could be reached on the matter, then Mr. Wong would file the appropriate motion prior to the deadline established in the Scheduling Order.

Judge Manibusan noted that a Motion for Default Judgment was filed when this action was still pending in the Superior Court of Guam and remains pending. Furthermore, Judge Manibusan stated that neither defendant has filed an answer to the Complaint. Mr. Timblin stated that he believed AHAC had filed an answer, but Judge Manibusan said that a review of the Superior Court records revealed that in lieu of an answer, AHAC and Mr. Pascoe had filed a Motion for Summary Judgment, which was later denied by the Superior Court. While the rules require that the Defendants file an answer after their motion was denied, to date neither defendant has answered the Complaint. Mr. Wong proffered to withdraw the request for entry of default if the parties agreed to permit the Plaintiffs to amend the Complaint. The parties agreed to discuss this matter further after today's conference. Judge Manibusan advised counsel to file an answer shortly if no agreement is reached or risk having default entered against them.

Mr. Schwab stated that the United States would likely file a motion to dismiss based on a lack of jurisdiction. It was the government's position that after the Plaintiffs rejected an award from it following the filing of an administrative claim, the Plaintiffs opted to bring suit against the insurance company. The government believes that the time for filing a complaint against it has since passed.

Judge Manibusan and counsel went over the proposed scheduling orders and discovery plans separately submitted by the Plaintiffs and the United States. Mr. Timblin stated that he did not have

a preference as to any of the dates proposed. Judge Manibusan stated that since the parties were not able to reach an agreement, the Court chose dates that appeared reasonable and were a compromise between the opposing dates. Mr. Wong advised Judge Manibusan that he requested a trial in August because the Plaintiffs were presently stationed in the mainland with young children, and a summer trial date would be preferable to take advantage of the children's summer vacation. Judge Manibusan stated that in order to be fair to both parties, he had to compromise between the proposed date and that a November trial date will at least enable the Plaintiffs to take advantage of the Thanksgiving break. Mr. Wong requested that he be permitted to participate in the preliminary and final pretrial conferences either telephonically or by video-conference since he will be in Honolulu on those dates. Judge Manibusan agreed to incorporate said language in the scheduling order, but stated that said approval is subject to reconsideration by the assigned district judge.

Mr. Wong asked about the ability to consent to final disposition authority by the Magistrate Judge. He was advised that consent forms are available at the Clerk's Office, and that further discussion on the matter was best reserved for a time outside the presence of the Court.

Since an agreement could not be reached between the parties, Judge Manibusan stated that the Court would prepare the scheduling order and discovery plan. The Plaintiffs' un-executed submission would be returned to Mr. Wong.

The conference concluded at 11:40 a.m.

Dated: August 25, 2006.

_____
JUDITH P. HATTORI
Law Clerk