

FILED
DISTRICT COURT OF GUAM

AUG 2 5 2006 

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| SHAUNANNETTE D. WATSON and GEORGE L. WATSON, | Civil Case No. 06-00016 |
| Plaintiffs | |
| vs. | **SCHEDULING ORDER** |
| UNITED STATES OF AMERICA, AMERICAN HOME ASSURANCE COMPANY, AND DOE Defendants 1-10, | **and** **DISCOVERY PLAN** |
| Defendants. | |

Because the parties were unable to agree upon the terms of the Scheduling Order and

Discovery Plan prior to the August 24, 2006, Scheduling Conference, the Court hereby

issues the following Scheduling Order and Discovery Plan, pursuant to Fed. R. Civ. P. 16

and local rules LR 16.1 and 16.2:

    **A.**    **The nature of the case is as follows:** This is an action under the Federal

Tort Claims Act against the United States arising out of an automobile accident involving an

on-duty federal employee.

    **B.**    **The posture of the case is as follows:** This action was originally filed in the

Superior Court of Guam. On June 15, 2006, the United States removed the action to this

Court and filed a motion to substitute itself in place of defendant Garry Pascoe. On

August 9, 2006, the Court granted the Motion to Substitute Party.

    The only motion which remains pending is the Plaintiffs' Motion for Entry of

# ORIGINAL

1  Default, which was originally filed when the Superior Court of Guam had jurisdiction over

2  this action.

3       As of the August 24, 2006, Scheduling Conference, no discovery has been initiated

4  by the parties.

5       **C.**    **Discovery Plan:** The following description and schedule of all pretrial

6  discovery shall govern the parties:

7          1.    <u>Initial Disclosures</u>.  Disclosure pursuant to Rule 26(a)(1) of the

8              Federal Rules of Civil Procedure shall be provided on or before

9              November 14, 2006.

10          2.    <u>Written Discovery</u>.  Each party may propound interrogatories,

11              requests to produce, and requests for admissions within the limits set

12              by the Federal Rules of Civil Procedure.  Such discovery may

13              commence in December 2006.  Such items include documents, data,

14              compilations, and tangible things that are in the possession or control

15              of any party and that may be used to support claims or defenses in this

16              case.  If any party determines that it needs to propound more

17              discovery than permitted by the Rules, the parties will confer in good

18              faith to accommodate reasonable discovery requests prior to the filing

19              of any motion relating to a discovery dispute.

20          3.    <u>Depositions</u>.  The depositions of lay witnesses may commence

21              immediately.  The parties shall cooperate in good faith with regard to

22              the scheduling of depositions.

23          4.    <u>Expert Witnesses</u>.

24              (a)    The Plaintiffs intend to call medical witnesses and experts.

25                  The United States' intend to utilize an economics/financial

26                  expert on the issue of damages.

27  ///

28  ///

      (b)    The disclosures of expert testimony required under Federal Rule of Civil Procedure 26(a)(2) shall be made no later than May 25, 2007. Any designation of rebuttal expert testimony under Rule 26(a)(2) shall be made no later than June 22, 2007.

      (c)    The deposition of experts may be scheduled at any time at least 20 days subsequent to the submission of rebuttal reports and the deposition of said experts shall be completed no later than August 24, 2006.

    5.    <u>Insurance</u>. The United States will seek information about insurance agreements under which any other person or insurance company may be liable to satisfy part or all of the Plaintiffs' claims.

    6.    <u>Damages</u>. Discovery regarding damages claimed by the Plaintiffs will be sought under Rule 34 by the United States. This discovery may take place in December 2006.

**D.**    **Scheduling Order:** The Court establishes the following dates and deadlines:

    1.    All motions to amend the pleadings, including motions to add parties and claims, shall be filed no later than January 9, 2007.

    2.    The discovery cut-off date, defined as the last day to file responses to discovery, shall be August 31, 2007.

    3.    All discovery motions shall be filed no later than September 7, 2007.

    4.    All dispositive motions shall be filed no later than October 1, 2007.

    5.    Each party shall submit a trial brief no later than October 29, 2007.

    6.    The preliminary pretrial conference shall be held on November 6, 2007, at 9:00 a.m. Unless otherwise ordered by the assigned district judge, counsel for the Plaintiffs may participate at said conference by way of telephone or by video-conference.

///

///

- 3 -

7.  The parties' exhibit binders, exhibit lists, witness lists, discovery material designations, and proposed pretrial order shall be filed or lodged no later than November 13, 2007.

8.  The final pretrial conference shall be held on November 20, 2007, at 9:00 a.m.  Unless otherwise ordered by the assigned district judge, counsel for the Plaintiffs may participate at said conference by way of telephone or by video-conference.

9.  The trial shall commence on November 27, 2007, at 9:00 a.m.

**E.**  **Jury Trial or Court Trial:**  This is a trial to the Court with no jury.

**F.**  **Length of Trial:** The parties anticipate that it will take approximately three (3) days to try this case.

**G.**  **Settlement:** The parties have indicated that prospects for settlement are unknown at the present time, but they may request to submit this case to settlement conference in the future.

**H.**  **Identity of Trial Counsel:** The names of counsel involved in this case are

| | | |
|---|---|---|
| 1. | Plaintiffs | Wayson W.S. Wong, Esq. Law Offices of Wayson Wong 142 Seaton Boulevard, Suite 101 Hagatna, Guam 96910 |
| 2. | Defendant United States | Mikel W. Schwab, Esq. Assistant U.S. Attorney Department of Justice U.S. Attorney's Office Sirena Plaza, Suite 500 108 Hernan Cortez, Ave. Hagatna, Guam 96910 |
| 3. | Defendant American Home Assurance Co. | Terence E. Timblin, Esq. Maher Yanza Flynn Timblin, LLP Gov. Joseph Flores Bldg. 115 Hesler Place, Ground Floor Hagatna, Guam 96910 |

**I.**  **Suggestions for Shortening Trial:**  The parties have agreed to explore stipulations as to undisputed facts and the potential for a separate trial regarding damages.

///

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**J.** **Issues Affecting Case Management:** The United States believes that jurisdiction is lacking in that plaintiff Shaunannette Watson filed an administrative claim and rejected an award from the government in favor of filing a suit against the insurance company. Now the Plaintiffs assert that the United States is an appropriate defendant, but the United States believes that the time for filing a complaint has passed.

SO ORDERED this 25th day of August 2006.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge

- 5 -